442 So.2d 740 (1983)
STATE of Louisiana
v.
Charles WILLIAMS.
No. 83 KA 0533.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
*742 William M. Quin, Asst. Dist. Atty., Amite, for plaintiff-appellee State of La.
Joseph E. Anzalone, Jr., Richard Schwartz, Amite, John J. Dolan, New Orleans, for defendant-appellant Charles Williams.
Before COVINGTON, COLE and SAVOIE, JJ.
COVINGTON, Judge.
Defendant, Charles Williams, was tried pursuant to an indictment charging him with the crimes of aggravated rape, in violation of LSA-R.S. 14:42, and armed robbery in violation of LSA-R.S. 14:64. The jury found Williams guilty as charged on both counts. The Court imposed on Williams a life sentence without benefit of probation, parole or suspension for the aggravated rape, and a twenty-five year sentence for the armed robbery, the sentences imposed to run concurrently.
Defendant has appealed the convictions and sentences. Williams argues to this Court six assignments of error.[1]

FACTS
On April 23, 1982, at approximately 12:15 p.m., the victim, a part-time instructor at Southeastern Louisiana University, was robbed and raped at knife-point allegedly by Charles Williams. Immediately after the incident, the victim reported it to the academic dean who was located in a nearby building. The dean called campus security and the victim was given medical attention.
Subsequently, the victim gave the police enough identification information for a picture composite to be constructed of the perpetrator of the criminal acts. Thereafter, the defendant was apprehended on the university campus. A line-up was conducted by the city police the evening of the defendant's apprehension and the victim picked the accused out of the line-up.
The trial of Williams on both counts was held on December 6-9, 1982. A twelve person jury, of both males and females and of both whites and blacks, found the accused guilty of armed robbery and aggravated rape.

ASSIGNMENT OF ERROR 1
The defense first claims that the trial judge erred in denying defendant's motion to suppress identification because the line-up procedure was allegedly "contrary to guidelines established by current jurisprudence to protect the rights of the accused." This objection focuses solely on the absence of counsel at the line-up.
An accused's Sixth Amendment right to the presence of counsel at corporeal line-up is applicable only in cases in which the line-up was conducted "at or after the initiation of adversary judicial criminal proceedings." Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). The Kirby Court decided that the due process fairness protections were sufficient safeguards for identification procedures conducted prior to formal charging. Exclusion of the line-up identification is not required where the line-up was conducted according to fair standards of police procedure and there was no bad-faith effort to circumvent the accused's right to counsel following arrest. State v. Thomas, 406 So.2d 1325 (La.1981).
The record before us on appeal reveals that defendant was initially arrested for resisting a police officer and criminal trespassing. Defendant's arrest took place about one week following the instant robbery and rape, after defendant was seen in the same building and after he ran from police when they attempted to question him. While running from the officers, defendant was seen to be carrying a knife.
Several hours after the arrest, defendant agreed to participate in a line-up, where the victim identified the defendant as her attacker. At that time defendant had not been indicted or otherwise formally *743 charged with any criminal offense. Prior to the line-up, police attempted to call the public defender's office in order to have an attorney present at the line-up although the defendant had made no such request; however, the police officers were unsuccessful in making contact with any member of the public defender's office. There was no bad-faith effort to circumvent the accused's rights to counsel following his arrest. The police officers testified to the fairness of the line-up.
We find that the line-up was conducted fairly and according to standard police procedures at a point in time prior to defendant's having been indicted or formally charged with any criminal offense. Therefore, defendant's Sixth Amendment right to counsel was not violated when the trial judge denied defendant's Motion to Suppress Identification. State v. Thomas.
There is no merit in this assignment of error.

ASSIGNMENT OF ERROR 2
Defendant assigns error to the trial court's denial of the motion for mistrial. During voir dire, the state objected to the defense's line of questioning of a prospective juror, Gregory Bowman. In making its objection, the state said:
... He [defendant's counsel] is trying to get jurors to commit in advance, he is trying to plant in them the fact that he [defendant] was not there. Now he says he wasn't but the Tangipahoa Parish Grand Jury by its indictment says he was. And I object to him getting jurors to commit in advance that he wasn't there....
Defendant complains that the remarks of the prosecutor made in the presence of the entire jury panel could very well have implanted in the minds of the jurors that "a higher judicial body reviewed the accusations against the accused and pre-determined his guilt."
In examining the transcript of testimony taken at the voir dire, we observe that the trial judge, out of the hearing of the jurors, heard argument from both counsel, and concluded:
... I think the jury is, these people on this jury are mature enough that they are not going to pay attention to that and when the time comes they are going to take the evidence from the witness chair just like I tell them to do. I don't think that anybody is prejudicing the jury one way of the other but like I say we are getting rediculous (sic) on both sides with all of the time we are taking to pick the jury ....
... I believe we ought to make an effort, I don't want to deny anybody's rights or restrict his right on voir dire....
LSA-C.Cr.P. art. 775 reads, in pertinent part:
A mistrial may be ordered, and in a jury case the jury dismissed, when:
* * * * * *
Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.
Mistrial is a drastic remedy and is warranted only when trial error results in substantial prejudice to the defendant sufficient to deprive him of a fair trial. State v. Harris, 383 So.2d 1 (La.1980).
The remark complained of does not fall within LSA-C.Cr.P. Article 770, and defendant did not request an admonition pursuant to LSA-C.Cr.P. Article 771. We have reviewed the voir dire, and find that the remark complained of did not so prejudice defendant that it was impossible for him to obtain a fair trial. We find no error in the ruling of the trial judge.

This assignment of error lacks merit.

ASSIGNMENT OF ERROR 3
Defendant complains that the trial judge exceeded his authority under LSA-C.Cr.P. art. 787 when he disqualified a prospective juror, Peter Muse. Defendant argues that the voir dire questioning of Muse did not reflect an illegal impediment or physical *744 impediment that would warrant the judge to take it upon himself to excuse Muse and that, therefore, defendant was deprived of a right to accept this juror.
LSA-C.Cr.P. art. 787, entitled "Disqualification of petit jurors in particular cases", reads as follows:
The court may disqualify a prospective petit juror from service in a particular case when for any reason doubt exists as to the competency of the prospective juror to serve in the case.
The court, on its own motion, may excuse a prospective juror by virtue of the fact that it did not reasonably believe that person qualified as a juror. State v. Richmond, 278 So.2d 17 (La.1973). Absent a clear showing of abuse of discretion, the trial court's ruling on the qualifications of jurors to serve is not to be disturbed on appeal. State v. Jones, 315 So.2d 650 (La. 1975).
The record reveals that the prospective juror, Peter Muse, was related to defendant through the marriage of his cousin to defendant's sister. On voir dire, Muse expressed the belief that his friendship with his cousin and the defendant's sister could possibly be adversely affected if he served on this jury. Although counsel for the state further questioned the prospective juror, Muse said that "on second thought, I don't think so, I hope not" when asked if the jury returned a verdict of guilty, did he think it would affect friendship with his cousin and his cousin's wife. After a conference with both counsel, the trial judge excused Mr. Muse.
Defendant's assertion that, by the court's dismissal on its own motion of a prospective juror, the defendant was deprived of a possible choice of a juror is inadequate to show how defendant was prejudiced and, without more, does not constitute a reason for disturbing the trial judge's ruling. See State v. Richmond.
We find no abuse of discretion on the part of the trial judge in excusing the prospective juror, Peter Muse.
To address briefly defendant's objection to the failure of the court to dismiss another prospective juror, Leroy Baham, the record reveals that the defense excused Baham. Further, defendant has not argued or stated any ground for this objection either at the trial or on appeal.
There is no merit in this assignment of error.

ASSIGNMENT OF ERROR 4
Defendant urges that the trial court erred when it dismissed defendant's motion for mistrial on the basis that blacks were being systematically excluded by the state on voir dire by extensive use of peremptory challenges.
In State v. Brown, 371 So.2d 751 (La.1979), the Louisiana Supreme Court stated that a defendant is not denied equal protection when the state uses peremptory challenges to exclude blacks unless there is a systematic exclusion over a period of time. State v. Bias, 354 So.2d 1330 (La. 1978). The burden is on the defendant to establish a prima facie showing of such exclusion. The motive for the exercise of a peremptory challenge ordinarily is not subject to judicial review, at least in the absence of evidence of systematic exclusion of black jurors from the justice system over a period of time. State v. Haynes, 339 So.2d 328 (La.1976).
Defendant has not shown any pattern or any systematic exclusion of blacks from the jury. In fact, no effort was made by the defense to establish systematic exclusion or pattern of exclusion of blacks. We have reviewed the entire voir dire and find no abuse, or exclusion of persons on racial grounds. Both blacks and whites, served on the jury. We, therefore, find no merit to this assignment of error.

ASSIGNMENT OF ERROR 5
Defendant assigns error to the trial court's allowing into evidence testimony relating to a urine sample taken from defendant subsequent to his arrest. At trial, defense counsel objected to the introduction of the results of a urine test taken from *745 defendant because the urine sample was obtained upon an ex parte court order rather than an order issued after holding a contradictory hearing. Defendant argues that his rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated.
The record reveals that, at the time the urine test was ordered, defendant was in jail following his arrest. The sample was obtained from defendant over his objection and pursuant to an order signed by the trial judge. At the trial, defense objected (out of the presence of the jury) to the admission of the results of the urine test. However, when the urine test slide was actually offered in evidence, defense counsel said "Your Honor, we have no objection to the introduction of the offering into evidence...."
In Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), the issue was a blood sample drawn from defendant over defendant's objection. The court held that evidence consisting of analysis of blood withdrawn at a hospital by a physician from the accused, over his objection, was neither his testimony nor "evidence relating to some communicative act or writing" and was not inadmissible under theory that it violated defendant's Fifth Amendment privilege. See also State v. Carthan, 377 So.2d 308 (La.1979). Further, the court in Schmerber found that a physician's withdrawal of a blood sample at the direction of a police officer and the admission in evidence of the blood analysis did not deny the accused due process of law under the Fourteenth Amendment. The Court found that under the circumstances there was ample justification to draw the sample of blood from defendant even though defendant had not given his consent. Testing of bodily evidence, i.e., blood, urine, breath, violates no privilege against self-incrimination. State v. Carthan; State v. Smith, 359 So.2d 157 (La. 1978).
The record reveals that the state was justified in requiring defendant to give a urine sample for medical test purposes to test for trichomonas, which was found on the victim following the rape.
However, since the defendant did in fact allow the urine test slide to be entered into evidence, there is no issue for this court to review on appeal. The defense clearly waived any objection that he might have had in the court below.
This assignment is wholly without merit.

ASSIGNMENT OF ERROR 6
Defendant assigns error to the trial judge's refusal to order a witness for the defense, Julius O'Brien, to leave with the court a composite drawing of the attacker of the victim. O'Brien had been requested by the defense to draw a composite rendering of the victim's assailant as described to him by the victim.
The record shows that defense counsel questioned O'Brien about the composite picture. The picture was passed around so the jurors could view it. Defendant's counsel asked O'Brien if he would leave the drawing with the court. O'Brien replied that he could not do so voluntarily, but would if so ordered by the judge. The trial judge replied, "I am not going to order him to do so." Defendant did not attempt to enter the composite drawing into evidence and made no objection to the court's ruling.
Matters pertaining to the conduct of a trial are within the sound discretion of the trial court. LSA-C.Cr.P. art. 17; State v. Reeves, 263 La. 923, 269 So.2d 815 (1972).
We find that the trial judge did not abuse his discretion by refusing to order the composite picture of the defendant be left with the trial court where such picture was not offered as evidence at the trial.
There is no merit to this assignment of error.

DECREE
For all of the foregoing reasons, the convictions and sentences of defendant, Charles Williams, are affirmed.
AFFIRMED.
NOTES
[1] A seventh assignment of error dealt with allowing by the court of the tape/transcript testimony of a witness, Jim Richardson, to be read to the jury. The witness was called by the defense and the defendant has voluntarily abandoned in his brief this assignment of error.