451 So.2d 175 (1984)
STATE of Louisiana
v.
Tyrone ANDREWS.
No. 83 KA 1160.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
Rehearing Denied June 29, 1984.
*177 Ossie Brown, Dist. Atty., Baton Rouge, for plaintiff-appellee.
R. Judge Eames, Baton Rouge, William J. Guste, Jr., Atty. Gen., New Orleans, for defendant-appellant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
Defendant, Tyrone Andrews, was charged by bill of information with having committed an aggravated battery in violation of LSA-R.S. 14:34 during the course of a disturbance outside the football stadium at Zachary High School in East Baton Rouge Parish on the night of October 8, 1982. Defendant entered a plea of not guilty, was tried by a six-person jury, and found guilty as charged. He was subsequently sentenced to incarceration at hard labor for a period of five years and now appeals his conviction and sentence, alleging fourteen assignments of error.[1]
ASSIGNMENT OF ERROR NO. 1:
Defendant contends that the trial court committed error when it allowed the prosecution to use peremptory challenges to systematically exclude blacks from the jury over defense counsel's objections.
A defendant is not denied equal protection when the state uses peremptory challenges to exclude blacks from the jury unless there is a systematic exclusion over a period of time. State v. Brown, 371 So.2d 751 (La.1979). The burden is on the defendant to establish a prima facie showing of such exclusion. State v. Williams, 442 So.2d 740 (La.App. 1st Cir.1983). A showing by the defense that peremptory challenges were used to exclude blacks in a particular case is not sufficient to establish a violation of the Fourteenth Amendment Equal Protection Clause. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965).
At trial, during early voir dire, the State used two of its peremptory challenges exempting two blacks. In response, defense counsel objected and moved for a mistrial on the ground of systematic exclusion of blacks. Defense counsel then used two of defendant's peremptory challenges saying, "I must exercise peremptory challenges to clear the balance of the panel and try again." As voir dire continued, the State used three more of its peremptory challenges. Each time defense counsel objected on the same grounds. However, defendant has made no further showing of any pattern of systematic exclusion of blacks over a period of time, neither at trial nor in brief.
Defendant does not tell us what the final composition of the jury was in this case, nor does the record so reveal. Moreover, we have examined the voir dire and find no evidence of exclusion on racial grounds of persons from the jury by the State. The trial judge was correct in allowing the prosecution to exercise its peremptory challenges in this case.
There is no merit to this assignment of error.
*178 ASSIGNMENTS OF ERROR NOS. 3 AND 8:
Defendant alleges that the trial court erred when it denied defendant's request to dim the lights in the courtroom to recreate and demonstrate for the jury the lighting conditions at the time of the alleged incident. Defendant also contends that because of the poor lighting conditions at the scene of the incident the identification of defendant by an eye witness to the crime was unreliable and thus defendant's out-of-court identification held a significant chance of misidentification.
LSA-R.S. 15:435 provides that evidence must be relevant to a material issue at trial before it is to be introduced. Furthermore, much discretion is vested in the trial judge in questions of relevancy. State v. Walker, 344 So.2d 990 (La.1977).
At trial, during cross examination of the victim, defense counsel offered to dim the lights in the courtroom in an effort to recreate the scene of the crime. The State objected on the grounds that such demonstration was irrelevant to the matter at hand.
The victim's testimony, which had already been admitted, was that it was dark at the time he was stabbed and he could not identify his assailant. At the time it made its objection, the State agreed to stipulate that it was dark. Although defense counsel seemed to accept the stipulation, he again reiterated his request to dim the lights, which was denied by the trial judge with the comment that the demonstration might be relevant to the testimony of another witness but here defense counsel has not shown sufficient relevance to the testimony at hand. We find no abuse of the trial judge's wide discretion by this ruling. The offer of demonstrative evidence was properly denied at that time.
Subsequently at trial, defense counsel again requested to be allowed to demonstrate the lighting conditions at the scene of the crime by dimming the lights in the courtroom. This second request was made during the cross-examination of State's witness, Craig Whittington, who had been present at the scene of the crime. Defense counsel's request was granted over objection by the State. The lights were dimmed in the courtroom to the point at which witness Whittington agreed was the degree of darkness at the scene of the crime.
Prior to the demonstration witness Whittington had identified one of the participants in the fight, Thaddeus Jones, and had also testified to the color and kind of clothes defendant was wearing at the time of the incident. Therefore, the issue of degree of darkness was relevant to witness Whittington's testimony and defense counsel's demonstration was properly admitted into evidence at that time.
In sum, there was ample evidence before the jury to make sufficiently clear the lighting conditions under which the witnesses at the crime scene had observed the incidents and the participants therein.
We must next determine likelihood of misidentification of defendant. In so doing, the evidence must be weighed in the light of the factors indicating reliability as set forth in Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1979) and restated in State v. Clark, 437 So.2d 879 (La.App. 2nd Cir.1983), writ denied, 442 So.2d 460 (1983), where the court held that an identification procedure is reliable if the following factors are met: 1) the opportunity of the witness to view the criminal at the time of the crime; 2) the witness' degree of attention; 3) the accuracy of the witness' prior description of the criminal; 4) the witness' degree of certainty; 5) the time between the crime and the confrontation.
Applying the Manson analysis to the instant case reveals:
1) The opportunity of the witness to view the criminal at the time of the crime: The witness who identified defendant had ample light to view the participants including defendant in the incident and were sufficiently close to accurately notice details of clothing and physical features.
*179 2) The witness' degree of attention: The witnesses were not casual or passing observers but were directly involved in the fracas.
3) The accuracy of the witness' prior description of the criminal: Each identifying witness noted the same details and accurately described the same persons viewed and confronted at the police station as the ones involved in the crime.
4) The witnesses' level of certainty: Each identifying witness had no hesitancy in identifying defendant either in-court or out-of-court.
5) The time between the crime and the confrontation: The out-of-court identification of defendant took place at the police station within 2 to 2½ hours following the crime.
It is clear in this case that the Manson criteria have been met. Thus the out-of-court identification of defendant was based upon reliable testimony with no significant chance of misidentification.
There is no merit to these assignments of error.
ASSIGNMENT OF ERROR NO. 12:
Defendant complains that the trial court's failure to find Act 527 of 1975 unconstitutional, which is now LSA-C.Cr.P. art. 778, deprives the accused of moving for a directed verdict in jury trials when there is no evidence in the record to support a conviction. Therefore, defendant argues, Act 527 is unconstitutional as it is in direct conflict with the due process clause of the Louisiana Constitution of 1974 and the Fourteenth Amendment of the United States Constitution.
LSA-C.Cr.P. art. 778 as enacted by Act 527 of 1975, provides:
In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.
If the court denies a defendant's motion for a judgment of acquittal at the close of the state's case, the defendant may offer its evidence in defense.
Under LSA-C.Cr.P. 778, the trial judge has no authority to grant a directed verdict in a jury trial. State v. Smith, 414 So.2d 1237 (La.1982).
The authority to grant a directed verdict of acquittal in a bench trial under LSA-C.Cr.P. art. 778 is strictly a procedural matter and, as such, no substantive rights of defendant are affected by a change in law which affects only procedural matters. State v. Gardette, 352 So.2d 212, 214 (La.1977). As defendant has no vested or absolute right in procedural matters, such matters are subject to legislative control, hence the elimination of the authority of the court to grant a directed verdict of acquittal in a jury trial is not a denial of defendant's due process rights. State v. Clark, 340 So.2d 208 (La.1976), cert. denied, 430 U.S. 936, 97 S.Ct. 1563, 51 L.Ed.2d 782 (La.1976). Further, in State v. Gardette, supra, the amendment in question was held to be constitutional on other grounds.
Thus defendant's contention that defendant was denied his due process rights by the application of the 1975 amendment to LSA-C.Cr.P. art. 778 has no merit.
ASSIGNMENT OF ERROR NO. 13:
Defendant contends that the trial court abused its discretion when it imposed an excessive sentence on defendant, arguing that, as defendant was a first felony offender, the trial judge failed to recognize defendant's potential for rehabilitation through correctional services other than confinement.
Defendant was sentenced to five years at hard labor. The maximum sentence possible following conviction for aggravated battery under LSA-R.S. 14:34 (supra) is confinement at hard labor for a period not to exceed ten years and a fine not to exceed $5,000.00. Defendant's sentence is actually less than half the maximum possible.
*180 Although a sentence is within the statutory limits, it can still be excessive in a particular case. State v. Sepulvado, 367 So.2d 762 (La.1979). However, a sentence will not be overturned on review if the record reveals that the trial judge adequately considered the sentencing guidelines and tailored the sentence to fit the crime and the criminal. State v. Telsee, 425 So.2d 1251, 1253 (La.1983).
Our review of the transcript of the sentencing hearing convinces us the trial judge considered the fact that defendant had had only two prior convictions for driving while intoxicated. However, the trial judge noted that the action of defendant in stabbing the victim herein could have resulted in death and, further, that the Division of Probation and Parole recommended confinement. The trial judge felt that there was an undue risk that, during the period of suspended sentence or probation, defendant would commit another crime.
The trial judge has adequately complied with the sentencing guidelines set forth in LSA-C.Cr.P. 894.1. The sentence imposed is not excessive considering the circumstances of this case.
There is no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 14:
Defendant contends that the trial court erred when it denied defendant's motion for directed verdict, arguing that the State failed to prove the elements of the crime beyond a reasonable doubt. Specifically, defendant contends that no proof was offered of the use of a dangerous weapon and that no witness of the State could identify the accused as the assailant.
LSA-R.S. 14:34, aggravated battery, provides:
Aggravated battery is a battery committed with a dangerous weapon.
Whoever commits an aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both.
The "dangerous weapon" for purposes of LSA-R.S. 14:34 includes an instrumentality, which in the manner in which it is used, is calculated or likely to produce death or great bodily harm. State In the Interest of Ruschel, 411 So.2d 1216 (La.App. 4th Cir.1982).
By Acts 1982 No. 144, now LSA-C. Cr.P. art. 821, the Legislature has provided a vehicle for a convicted defendant to seek review of his conviction on the basis of insufficiency of the evidence. State v. Korman, 439 So.2d 1099 (La.App. 1st Cir. 1983). Further, in State v. Allen, 440 So.2d 1330 (La.1983), the Louisiana Supreme Court held that the correct vehicle for asserting that the State failed to prove essential elements of the crime charged is a motion for post-verdict judgment of acquittal under art. 821 or motion for new trial. Defendant herein did not file either of such motions; however, in brief he has alleged insufficiency of the evidence to find defendant guilty and requested that this court review the evidence offered by the State. Therefore, we have reviewed the evidence in the record before us on appeal under C.Cr.P. 821 and find that, when viewed in the light most favorable to the prosecution, the State has proved all elements of the crime charged. The State has presented evidence of an eye witness to the crime proving that defendant stabbed the victim with the jagged edge of the neck of a broken bottle. Further, that eye witness positively identified defendant as the perpetrator of the crime.
The State has sufficiently proved the elements necessary to find defendant guilty of aggravated battery.
This assignment of error has no merit.
Having found no merit in any of the assignments of error affected by defendant, this court is of the opinion that the finding of the trial court and the sentence imposed be affirmed.
AFFIRMED.
NOTES
[1] In his brief, defendant has not argued Assignments of Error Nos. 2, 4, 5, 6, 7, 9, 10, 11; therefore, they are considered abandoned. Rule 2-12.4, Uniform Rules-Courts of Appeal.