CIACCIO, Judge.
Defendant, Julius Jones, was charged by bill of information with distribution of cocaine. LSA-R.S. 40:967. A twelve member jury found him guilty as charged. On April 4, 1989, the trial court sentenced defendant to ten years at hard labor, ordered him to pay court costs or serve thirty days, and fined him $3,686.00 or serve an additional year in default of payment of the fine. Defendant appealed.

*999
Facts

Officers John Rice and Sandra Simpson obtained a search warrant for 8721 Plum Street for suspected drug dealing. They executed the warrant May 15, 1987 with the help of several officers including Wayne Farve and Jeffery Robertson. Rice, Farve and Robertson entered the front door of the residence. Simpson went around to the rear of the residence. Several people were inside. One of the men, John Veal, ran out the back door and was eventually caught by Farve in the neighbor’s yard. The defendant also ran out the back door with Robertson in pursuit. Simpson arrived in the backyard to see the defendant standing in the door of the utility shed. She could see the corner of a plastic bag protruding from his closed hand. She witnessed him throw the object into the shed. Robertson then emerged from the residence. Simpson brought the defendant back into the front room of the house where the other officers had already detained four people. Robertson searched the shed and found the bag containing twenty smaller plastic bags filled with white powder. A search of defendant’s person revealed $1,600 cash.
Simpson seized a brown paper bag containing several boxes of clear plastic baggies and four metal strainers containing white powder residue in the kitchen.
Rice obtained keys to an ammunition box in the second bedroom from the defendant, and the box contained $800 cash.
The total amount of money seized from the house and the subjects was almost $3,700.
A review of the record for errors patent reveals none.
Defendant raises three assignments of error on appeal. First, he contends the trial judge erred in allowing the introduction of inadmissable evidence. Specifically, defendant complains of the admission of the cash found in the house, the plastic bags and the metal strainer, because these objects were not directly tied to him in that they were not found on his person.
Relevant evidence is that tending to show the commission of the offense or the intent. LSA-R.S. 15:441.[1]
In the instant case defendant was charged with cocaine distribution. The objects admitted into evidence are relevant as they tend to prove the fact that cocaine distribution was taking place at the residence. Additionally, in order to show that the defendant resided at the house and that he had actual or constructive possession of the objects, the State introduced correspon-dance addressed to the defendant at the 8721 Plum Street address and also evidence of a joint checking account in the names of the defendant and a female at that address. Although the complained of objects were not actually found on the person of the defendant, the jury was free to consider whether the objects were in the constructive possession of the defendant. This assignment has no merit.
As his second assignment of error defendant contends the trial court erred in qualifying Officer Sandra Simpson as an expert on the packaging of cocaine.
The competency of an expert witness is a fact within the sound discretion of the trial judge. State v. Maresco, 495 So.2d 311 (La.App. 4th Cir.1986), writ denied, 500 So.2d 419 (La.1987). This determination will not be disturbed absent manifest error. State v. Watson, 449 So.2d 1321 (La.1984), cert. denied, Watson v. Louisiana, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985).
The record reflects that Officer Simpson had never been qualified as an expert prior to this trial. However, Officer Simpson testified she had worked in narcotics for five years, had been involved in hundreds of drug arrests, the majority of which involved packaged cocaine. Based on the testimony at trial, we find the trial court did not abuse its discretion in qualifying Officer Simpson as an expert on the packaging of cocaine. See, State v. Clay, 408 So.2d 1295 (La.1982). This assignment lacks merit.
*1000 Defendant argues as his last assignment of error that the trial court imposed an excessive sentence.
In the present case, the ten year sentence imposed is less than the thirty year maximum he could have received under LSA-R.S. 40:967(B)(1). If a sentence falls within the ambit of the statute, as it does in this case, it may still violate Article I, Section 20 of the Louisiana Constitution prohibiting “cruel, excessive or unusual punishment.” State v. Cann, 471 So.2d 701 (La.1985).
A constitutionally excessive sentence is one that is “grossly out of proportion to the severity of the crime” or “is nothing more than purposeless and needless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616 (La.1984), cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862, reh. denied, Brogdon v. Louisiana, 473 U.S. 921, 105 S.Ct. 3547, 87 L.Ed.2d 670 (1985).
To determine if a sentence is unconstitutionally excessive, an appellate court reviews the reasons given by the trial court for imposing a particular sentence. State v. Davis, 449 So.2d 452 (La.1984). The trial court’s sentencing decision must be based upon the criteria set forth in LSA-C.Cr.P. art. 894.1, which requires the court to specify the factors it has considered in imposing a particular sentence. While the trial court need not articulate every aggravating and mitigating circumstance presented in Article 894.1, the record must reflect the court considered these guidelines in particularizing the sentence to the defendant. State v. Guiden, 399 So.2d 194 (La.1981), cert. denied, Guiden v. Louisiana, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982). In accordance with art. 894.1 guidelines, the sentencing transcript should reflect that the trial court considered the personal history and past criminal history of the defendant and the severity of the crime. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984).
The record before us reflects the only reference to art. 894.1 was when the trial judge stated “The factual basis is under Article 894.1, subsection 83. (sic). A lesser sentence would depreciate (sic) the seriousness of the defendant’s crime charged herein and convicted on trial by jury.” There is nothing in the record that demonstrates the court considered any mitigating factors or tailored the sentence imposed to the facts of this case. We therefore vacate the original sentence imposed by the trial court and remand the matter to the district court so that the trial judge may resentence the defendant in accordance with LSA-C.C.P. art. 894.1.
Accordingly, defendant’s conviction of distribution of cocaine is affirmed. We hereby vacate defendant’s sentence and remand the matter to the lower court in order for the trial judge to resentence the defendant consistent with the reasons herein.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.

. Repealed by Acts 1988, No. 515, Sec. 8, effective January 1, 1989.