618 So.2d 949 (1993)
STATE of Louisiana
v.
Larry L. LEBLANC. (Two Cases)
Nos. KA 92 0660, KA 92 0661.
Court of Appeal of Louisiana, First Circuit.
April 23, 1993.
*952 Doug Moreau, Dist. Atty., Baton Rouge by Aaron Brooks, Asst. Dist. Atty., for plaintiff/appellee.
Public Defender's Office, Baton Rouge, for defendant/appellant.
Before EDWARDS, SHORTESS and WHIPPLE, JJ.
EDWARDS, Judge.
The defendant, Larry Leblanc, was charged by bill of information with one count of possession of cocaine in excess of 400 grams and one count of distribution of cocaine, violations of LSA-R.S. 40:967. The defendant pled not guilty and, after trial by jury, he was found guilty of possession of cocaine in excess of 400 grams and attempted distribution of cocaine. The defendant was adjudicated a fourth felony habitual offender on both counts and was sentenced to twenty years at hard labor on each conviction, to be served concurrently. He has appealed, urging the following nineteen assignments of error:
1. The trial court erred in denying the motion to suppress.
2. The trial court erred in denying the motion to quash.
3. The trial court erred in denying the motion to suppress.
4. The trial court erred in denying the motion to suppress.
5. The trial court erred in denying the motion to suppress the transcript of a tape recording.
6. The trial court erred in overruling the defense counsel's objection to the excusing of a juror from service by the court.
7. The trial court erred in granting the state's challenge for cause.
8. The trial court erred in overruling a Batson objection made by defense counsel.
9. The trial court erred in denying the motion to quash.
10. The trial court erred in denying the motion to suppress.
11. The trial court erred in overruling the defense objection to the introduction of a tape recording.
12. The trial court erred in allowing the state to present additional testimony in support of the introduction of evidence.
13. The trial court erred in allowing the jury to view a transcript of a tape recording.
14. The trial court erred in overruling defense counsel's objection to a question posed by the state.
15. The trial court erred in denying the motion for mistrial.
16. The trial court erred in overruling defense counsel's objection to a leading question posed by the state.
17. The trial court erred in overruling defense counsel's objection to the introduction into evidence of a statement made by the defendant.
18. The trial court erred in denying the motion for mistrial.
19. The trial court erred in denying the motion for a new trial.
*953 The defendant expressly abandoned assignments of error numbers one, two, three, twelve, and seventeen.
On January 23, 1989, Baton Rouge City Police Officer Donald Bailey (acting in an undercover capacity) and a confidential informant made arrangements with the defendant to purchase a kilogram of cocaine for approximately $21,500.00. The defendant and Officer Bailey agreed that the drug transaction would take place on January 24, 1989. However, when Officer Bailey arrived at the residence to buy the cocaine, the defendant informed Officer Bailey that he was on his way to pick up the cocaine and would not be back in Baton Rouge until approximately midnight. Thus, the two men agreed that the transaction would take place the following afternoon.
On January 25, 1989, at approximately 4:25 p.m., Officer Bailey and the confidential informant met the defendant. Officer Bailey was wearing a hidden transmitter which allowed surveillance officers to monitor and record the transaction. The defendant showed Officer Bailey the cocaine, and the two men talked briefly about the amount of cocaine and the purchase price. Officer Bailey then gave a predetermined signal to the surveillance officers who then entered the house and arrested the defendant.

ASSIGNMENTS OF ERROR NUMBERS FOUR AND ELEVEN
In these assignments of error, the defendant contends that the trial court erred in denying the motion to suppress the tape recording and in overruling his objection to the introduction of a tape recording into evidence. He argues that the tape recording is unintelligible and, thus, only confused the jury as to the issues. He contends that the tape should have been excluded under La.C.E. art. 403.
La.C.E. art. 403 states:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.
The admissibility of the tape recording is further governed by La.C.E. art. 1002 which states:
To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided by this Code or other legislation.
In the instant case, prior to the introduction into evidence of the tape recording of the drug transaction between the defendant and Officer Bailey, Baton Rouge City Police Officer David Whatley testified that he operated the recording device which recorded the conversation between the defendant and Officer Bailey. Officer Whatley testified that portions of the tape recording were not completely audible because of interference and not because of any attempt to prejudice the defendant.
Officer Bailey testified that the tape was a recording of his conversation with the defendant. He also testified that the recording was an accurate depiction of the conversation that took place during the drug transaction.
After listening to the tape recording, we agree that it does contain portions that are unintelligible; however, the majority of the tape is understandable. The tape recording was played in its entirety to the jury, and Officer Bailey testified as to his recollection of the tape recorded conversation. The tape recording was relevant to the issues in question. We find that the probative value of the tape recording clearly outweighed any danger of unfair prejudice. The trial court did not abuse its discretion in allowing the tape recording to be played to the jury. See State v. Francis, 597 So.2d 55, 59 (La.App. 1st Cir.1992). See also State v. Oliver, 499 So.2d 295, 298-299 (La.App. 1st Cir.1986), writ denied, 505 So.2d 56 (La.1987). Thus, we find these assignments of error to be without merit.

ASSIGNMENTS OF ERROR NUMBERS FIVE AND THIRTEEN
The defendant contends in these assignments of error that the trial court *954 erred in refusing to suppress the transcript of the tape recording and in allowing the jury to view the transcript. He contends that the transcript is inadmissible because it does not accurately reproduce the original tape recording. He argues that because the tape was transcribed by the district attorney's office and because it had to be transcribed three different times, it cannot be considered a fair, accurate and nonprejudicial representation of the original tape recording.
La.C.E. art. 1008 reads, in pertinent part:
When the admissibility of other evidence of contents of writings, recordings, or photographs under these articles depends upon the fulfillment of a condition of fact, the question whether the condition has been fulfilled is originally for the court to determine in accordance with the provisions of Article 104. However, when an issue is raised ... whether other evidence of contents correctly reflects the contents, the issue is for the trier of fact to determine as in the case of other issues of fact.
Further, the Louisiana Supreme Court previously has held a transcript of a tape recording to be admissible to provide the jury with a convenience in following the playback of the tape. State v. Burdgess, 434 So.2d 1062, 1066 (La.1983).
Officer Bailey testified, at trial, to the contents of the tape recording. At the motion to suppress hearing, prosecutor Aaron Brooks testified that he, his secretary, and Officer Bailey listened to the tape numerous times and prepared a transcript which he felt was an accurate depiction of the tape recording. He also testified that Officer Bailey was given the final authority in the transcription of the tape recording. Finally, Judy Lemoine, a court reporter for the Nineteenth Judicial District Court, was qualified as an expert in court reporting and the transcription of tape recordings. She testified that she heard on the tape recording every word that is typed on the transcript. According to the record, the transcript was allowed into evidence for the convenience of the jury to follow the tape recording. We find that the trial court did not abuse its discretion in allowing the jurors to view a transcript of the tape recording while the recording was played for the jurors. These assignments of error are without merit.

ASSIGNMENTS OF ERROR NUMBERS SIX AND SEVEN
In assignment of error number six, the defendant contends that the trial court erred in overruling the defendant's objection to the excusing of a prospective juror from service by the court. In assignment of error number seven, the defendant contends that the trial court erred in granting the state's challenge for cause of a prospective juror. He argues that, in order to safeguard his constitutional rights, he should have been allowed to question potential jurors to elicit facts which show grounds for challenges.
An accused in a criminal case is constitutionally entitled to a full voir dire examination and to the exercise of peremptory challenges. La.Const. Art. I, Sec. 17. La. C.Cr.P. art. 786 provides that the court, the state, and the defendant shall have the right to examine prospective jurors and the scope of the examination shall be within the discretion of the court. The purpose of the voir dire examination is to determine the qualification of prospective jurors by testing their competency and impartiality and discovering bases for intelligent exercise of cause and peremptory challenges. The scope of the voir dire examination is within the sound discretion of the trial court, and its rulings will not be disturbed on appeal in the absence of a clear abuse of discretion. State v. Ondek, 584 So.2d 282, 300 (La.App. 1st Cir.), writ denied, 586 So.2d 539 (La.1991).
The court, on its own motion, may excuse a prospective juror by virtue of the fact that it did not reasonably believe that person qualified as a juror. See La.C.Cr.P. art. 787. The trial court is given the authority to disqualify a prospective juror in order to protect the proceedings from potential error. State v. Kohler, 434 So.2d 1110, 1117 (La.App. 1st Cir.1983). Absent a clear showing of abuse of discretion, the *955 trial court's ruling on the qualifications of the jurors to serve is not to be disturbed on appeal. State v. Williams, 442 So.2d 740, 744 (La.App. 1st Cir.1983).
In the instant case, Dorian Demery told the trial court that he knew of the defendant and some of his family members. Demery also stated that he was unsure if he would be able to make a fair decision because of his strong opposition to drugs. In excusing Demery, the trial court stated that it was excusing him from service "without any further questioning for fear of tainting ... the whole jury voir dire...." The court also indicated that it did not think Demery would be able to give the defendant a fair trial.
The trial court also dismissed Kornelia Pidgeon after she repeatedly voiced her disapproval with the procedure of undercover police officers buying cocaine. Pidgeon also indicated that she would be unable to follow the law as instructed to her by the trial court. The following colloquy took place during the voir dire by the state:
Q. EVEN IF THE JUDGE TELLS YOU THAT THAT'S NOT THE LAW?
A. (PIDGEON) YEAH. I WOULD BE JUDGINGI MEAN, I WILL BE GOING BY MY MIND, NOT HIS.
Q. OKAY. SO IF THE JUDGE TELLS YOU WHAT THE LAW IS, YOU WON'T ACCEPT IT?
A. (PIDGEON) NOT IF I FEEL THAT HE WAS WRONG.
Q. SO YOUR DETERMINATION OF WHAT THE LAW IS GOING TO CONTROL INSTEAD OF WHAT THE JUDGE TELLS YOU THE LAW IS?
A. (PIDGEON) I MIGHT FEEL THAT THE JUDGE IS WRONG.
Q. OKAY. DO YOU RECOGNIZE THE FACT THAT THE TRIAL SYSTEM IS SET UP WHERE THE JUDGE CONTROLS THE LAW. THE LEGISLATURE WRITES IT AND THE JUDGE ADVISES THE COURT.
A. (PIDGEON) I UNDERSTAND THAT TOO.
Q. BUT YOU COULDN'T FOLLOW THE LAW?
A. (PIDGEON) I WILL BE GOING BY MY FEELINGS, NOT THE JUDGE.
Q. AND IF THE JUDGE TELLS YOU TO FOLLOW THE LAW AND TO NOT FOLLOW YOUR OWN VIEW OF WHAT THE LAW IS, YOU'RE STILL GOING TO FOLLOW YOU OWN?
A. (PIDGEON) NO. I WOULD STILL FOLLOW MINE.
The trial court excused Pidgeon and voiced concern over her ability to serve as a fair and impartial juror.
In dismissing these potential jurors, we find that the trial court was trying to protect the defendant and the proceedings. We find no abuse of discretion in the trial court's dismissal of the prospective jurors. These assignments of error are without merit.

ASSIGNMENT OF ERROR NUMBER EIGHT
In his eighth assignment of error, the defendant contends that the trial court erred in overruling a Batson objection made by defense counsel. He argues that the state's use of its peremptory challenges to exclude two black jurors is a violation of the holding set forth in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
In Batson v. Kentucky, the United States Supreme Court held that an equal protection violation occurs when the prosecutor, in the trial of a member of a cognizable racial group, exercises peremptory challenges to remove members of the defendant's race from the jury venire for a discriminatory purpose. In Batson, the Supreme Court also set standards for assessing whether a prima facie case of purposeful discrimination[1] exists and placed the *956 burden on the prosecution, after such a prima facie showing, to come forth with a neutral explanation for challenging black jurors that related to the particular case. See State v. Collier, 553 So.2d 815, 817 (La.1989). Because a trial court's findings pertaining to purposeful discrimination turn largely on credibility evaluations, such findings ordinarily should be entitled to great deference by a reviewing court. Batson v. Kentucky, 476 U.S. at 99, n. 21. 106 S.Ct. at 1724, n. 21. In evaluating whether or not an attorney's explanation for exercising peremptory challenges is race-neutral, a court must determine whether or not, assuming the proffered reasons for the peremptory challenges are true, the challenges violate the Equal Protection Clause as a matter of law. Hernandez v. New York, ___ U.S. ___, ___, 111 S.Ct. 1859, 1866, 114 L.Ed.2d 395 (1991). The reasons offered to explain the exercise of the peremptory challenges should be deemed race-neutral unless a discriminatory intent is inherent in those reasons. Hernandez, ___ U.S. at ___, 111 S.Ct. at 1866.
In the instant case, the defendant objected to the dismissal by the state of two black males, Russell Banks and Larry Harris. Without the trial court ruling whether or not the defense had established a prima facie cause under Batson,[2] the prosecutor was prompted by the court to give his reasons for challenging the jurors. The prosecutor gave the following explanation for the challenges:
MR. BROOKS (prosecutor): OKAY. RUS[S]ELL BANKS, THE MAIN REASONI WAS GOING TO TAKE HIM UNTIL PAUL (defense counsel) SAID SOMETHING AND HE GOES, YEAH, YOU'RE RIGHT. I THOUGHT PAUL HAD HIM IN HIS POCKET. HE RESPONDED TO MR. KNIGHT AND HE GOES, YEAH, YOU'RE RIGHT. AND I THOUGHT MR. KNIGHT HAD A REPERTOIRE (SIC) WITH HIM. NOTHING MORE.
THE COURT: WHAT IS THE SECOND ONE?
MR. BROOKS: MR. HARRIS ALWAYS SEEMED CONFUSED AND NEVER GOT AN UNDERSTANDING OF WHAT HE WAS GOING TO SAY. AND HE COULDN'T HEAR AND COULDN'T SPEAK.
The trial court then found both of the reasons given by the state to be racially neutral.
We find the explanations given by the state for peremptorily challenging the two black prospective jurors to be race-neutral. In rejecting the defendant's Batson claim, the trial court properly accepted the prosecutor's race-neutral explanations, a choice entitled to great deference on appeal. Our review of the record of the entire voir dire proceeding fully supports the trial court's ruling that there was no purposeful discrimination in this case. This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER NINE
The defendant contends in his ninth assignment of error that the trial court erred in denying his motion to quash the bill of *957 information. The defendant argues that because the charges for possession in excess of 400 grams of cocaine and distribution of cocaine arose out of the same transaction, prosecution for both offenses constituted double jeopardy.
The federal and state constitutions both provide that no person shall twice be put in jeopardy of life or liberty for the same offense. U.S. Const.Amend. V; La.Const. Art. I, Sec. 15. The Double Jeopardy Clause protects the accused against multiple punishment for the same offense as well a second prosecution for the same offense after acquittal or conviction. State v. Willis, 591 So.2d 365, 372 (La.App. 1st Cir.1991), writ denied, 594 So.2d 1316 (La. 1992).
In determining whether or not the double jeopardy prohibition has been violated, the Louisiana Supreme Court has recognized two different tests, i.e., the test established in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932), and the "same evidence" test. Nevertheless, in recent years, the Louisiana Supreme Court has principally relied on the "same evidence" test when evaluating double jeopardy claims. State v. Willis, 591 So.2d at 372.
The test established in Blockburger is:
The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.
Blockburger, 284 U.S. at 304, 52 S.Ct. at 182.
Under the "same evidence" test, if the proof required to support a finding of guilt of one crime would also support conviction of another crime, the prohibition against double jeopardy bars a conviction for more than one crime. State v. Willis, 591 So.2d at 372.
Moreover, the Louisiana Supreme Court recently set forth that the "[l]egislature did not intend, when a person makes one sale of over 400 grams of cocaine, to punish that person both for possessing over 400 grams of cocaine and for distributing that same amount in one sale." State ex rel. Restrepo v. State, 593 So.2d 1258, 1259 (La.1992).
In the instant case, the defendant was charged with possession in excess of 400 grams of cocaine and distribution of the same cocaine. He was found guilty of possession in excess of 400 grams of cocaine and of attempted distribution of cocaine. The state introduced evidence that the defendant attempted to sell an undercover officer a package of cocaine in excess of 400 grams. The same package of cocaine from that transaction was used by the state as evidence to convict the defendant of possession of cocaine in excess of 400 grams. No other cocaine was introduced into evidence; nor was there any other evidence presented about another drug transaction or another time that the defendant possessed cocaine. The defendant's convictions for attempted distribution of cocaine and possession of cocaine in excess of 400 grams arose out of the same transaction and the same package of cocaine was used as the evidence for both convictions. Thus, we find that the defendant's convictions for attempted distribution of cocaine and possession of cocaine in excess of 400 grams violate double jeopardy.
To remedy a violation of double jeopardy, the conviction and sentence of the less severely punishable offense should be vacated and the conviction and sentence of the more severely punishable offense affirmed. State ex rel. Adams v. Butler, 558 So.2d 552, 553 (La.1990). Therefore, in view of the fact the attempted distribution offense is the less severely punishable crime, that conviction and sentence are vacated. See State ex rel. Restrepo v. State, 593 So.2d at 1259. The defendant's conviction of possession of cocaine in excess of 400 grams is affirmed.

ASSIGNMENT OF ERROR NUMBER TEN
In his tenth assignment of error, the defendant contends that the trial court *958 erred in denying his motion to suppress evidence. He argues that the evidence at issue (rolling papers, scissors, spoons and plastic bags) was irrelevant and was introduced in an attempt to prejudice the jury.
The defendant made an oral motion to suppress the evidence which was denied by the trial court. However, after reviewing the record, we find that the items complained of by the defendant were not introduced into evidence and, thus, not seen by the jury. The defendant was not prejudiced by the trial court's denial of the motion to suppress the evidence.
Moreover, had these items actually been introduced into evidence, we find them to be relevant to the defendant's charges of possession and distribution of cocaine. See State v. Porter, 344 So.2d 1031, 1034 (La. 1977). See also State v. Jones, 563 So.2d 998, 999 (La.App. 4th Cir.1990). This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER FOURTEEN
The defendant contends in his fourteenth assignment of error that the trial court erred in overruling his objection to a question posed by the state. He argues that a question posed by the state to an undercover officer was irrelevant.
La.C.E. art. 401 provides:
"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
La.C.E. art. 403 provides:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.
In questions of relevancy, much discretion is vested in the trial court. State v. Andrews, 451 So.2d 175, 178 (La.App. 1st Cir.), writ denied, 457 So.2d 17 (La.1984). Such rulings will not be disturbed on appeal in the absence of a showing of manifest abuse of discretion. State v. Raymond, 447 So.2d 51, 54 (La.App. 1st Cir.), writ denied, 449 So.2d 1347 (La.1984).
The prosecutor asked Officer Bailey, "If a kilo of cocaine was to be broken down for street sale, how much would this cocaine be worth?" Despite defendant's objection, Bailey was allowed to answer. The defendant contends that the testimony of Officer Bailey regarding the street value of the cocaine was irrelevant and prejudicial. He argues that the question was not designed to prove a material fact nor did it have a tendency to show the commission of the offense for which the defendant was convicted.
The state contended that the question was asked for the purpose of showing the reasonableness of the purchase price to show that the defendant was not improperly coerced or entrapped into distributing the cocaine to the undercover officer for an exorbitant price. We find that the probative value of the testimony clearly outweighed the possibility of a prejudicial effect on the jury. The trial court did not abuse its discretion in admitting this testimony. See State v. Haynes, 514 So.2d 1206, 1212 (La.App.2d Cir.1987). See also State v. Salgado, 473 So.2d 84, 91-92 (La. App. 5th Cir.), writ denied, 478 So.2d 1233 (La.1985).
In his brief to this court, the defendant further argues that the state failed to qualify the witness as an expert in the field of narcotics investigations and, thus, the witness was unable to offer his opinion as to the street value of the cocaine. However, the defendant did not object to the state's failure to qualify the witness as an expert or the witness's ability to give his opinion. The defendant only objected to the relevancy of the question posed by the state.
It is well-settled that defense counsel must state the basis for an objection when it is made, pointing out the specific error to the trial court. The grounds for objection must be sufficiently brought to the attention of the trial court to allow it the opportunity to make the proper ruling and prevent or cure any error. La.C.E. art. *959 103(A)(1); La.C.Cr.P. art. 841. State v. Daughtery, 563 So.2d 1171, 1178 (La.App. 1st Cir.), writ denied, 569 So.2d 980 (La. 1990). Because the defendant failed to object to this issue at trial, it cannot now be urged on appeal.
Moreover, in light of the substantial evidence against the defendant, we conclude that any error resulting from this line of questioning was harmless. La.C.Cr.P. art. 921. Therefore, we find this assignment of error to be without merit.

ASSIGNMENTS OF ERROR NUMBERS FIFTEEN AND EIGHTEEN
The defendant contends in these assignments of error that the trial court erred in denying his motions for mistrial. He argues that he moved for a mistrial on two separate occasions when improper references were made to other crimes.
The defendant contends that the first reference to other crimes evidence was made by Officer Bailey on direct examination. The defendant objected to the following testimony and made a motion for a mistrial:
Q. [the prosecutor] OKAY. DID HE VOICE A CONCERN TO YOU ABOUT YOUR ABILITY TO HAVE THE CASH AT THE SECOND MEETING?
A. [Officer Bailey] YES, HE DID. HE ASKED ME IF I WOULD HAVE THE MONEY, AND I ASSURED HIM THAT I WOULD HAVE THE MONEY. AND HE STATED THAT HE HAD MADE OTHER TRIPS TO GO AND GET COCAINE FOR OTHER PEOPLE AND WHEN HE CAME BACK THAT THEY DIDN'T HAVE THE MONEY ALL THE TIME. SO HE WANTED TO MAKE SURE THAT I WOULD HAVE THE MONEY.
At this point, defense counsel objected and moved for a mistrial, which the trial court denied. The court then instructed the witness to answer only the questions asked of him by counsel and "nothing more."
The defendant's second motion for a mistrial occurred during the state's closing remarks, which included:
MR. KNIGHT. "BUT FOR." "BUT FOR" IF IT HADN'T BEEN FOR BAILEY. BUT FOR BAILEY HE WOULD HAVE SOLD IT TO SOMEONE ELSE. HE SOLD IT TO THE WRONG PERSON. MR. KNIGHT READ YOU THE FIRST SENTENCE OF ENTRAPMENT. THE JUDGE IS GOING TO READ YOU THE REST OF IT. THE REST OF IT SAYS, THE FACT THAT AN OPPORTUNITY IS FURNISHED OR THAT THE DEFENDANT IS AIDED IN THE COMMISSION OF A CRIME WHICH ORIGINATED IN HIS OWN MIND IS NO DEFENSE, IS NO DEFENSE. YOU HEARD IT ON THIS TAPE. HE TALKED ABOUT THE EIGHT BALL HE HAD IN HIS POSSESSION THAT HE LOST. HE HAD ACCESS TO DRUGS. HE HAD BEEN DEALING DRUGS. TO SAY THAT IT DIDN'T EXIST OR THAT HIS HANDS ARE CLEAN OR THAT Y'ALL SHOULD HAVE PITY FOR IT
At this point, the defendant objected and made a motion for a mistrial. The court denied the defendant's motion for a mistrial and admonished the jury.
The applicable provisions are contained in La.C.Cr.P. art. 771, which provides, in pertinent part:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
* * * * * *
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not *960 sufficient to assure the defendant a fair trial.
The jurisprudence interpreting La. C.Cr.P. art. 771(2) has held that unsolicited and unresponsive testimony is not chargeable against the state to provide a ground for mandatory reversal of a conviction. State v. Ellison, 572 So.2d 262, 266 (La. App.1990); State v. Jack, 554 So.2d 1292, 1296 (La.App. 1st Cir.1989), writ denied, 560 So.2d 20 (La.1990).
A prejudicial remark by an experienced police officer should be viewed with considerable concern as to the fairness of the trial and may require the granting of a mistrial, especially if the remark was precipitated by or should have been anticipated by the district attorney. The decision as to the necessity of granting a mistrial under these circumstances is left to the sound discretion of the trial court. State v. Douglas, 389 So.2d 1263, 1266 (La.1980).
With regard to the statements made by Officer Bailey, we cannot find that the reference to other crimes was deliberately obtained by design of the prosecutor to prejudice the rights of the defendant. Further, the statements repeated by Officer Bailey could be construed as being part of the res gestae. Officer Bailey was repeating statements made to him by the defendant as part of the drug transaction. See State v. Deville, 524 So.2d 1334, 1337 (La.App. 1st Cir.), writ denied, 531 So.2d 263 (La.1988). Consequently, La.C.Cr.P. art. 771(2) does not mandate a mistrial herein. See State v. Jack, 554 So.2d at 1296. After the denial of the defendant's motion, the trial court instructed the witness to answer only the questions asked of him. The court did not admonish the jury; however, the defendant did not request an admonition as set forth in La.C.Cr.P. art. 771.
The statements made by the prosecutor during his rebuttal argument were references to statements made by the defendant during the tape recorded conversation with Officer Bailey. The prosecutor clarified his statements to the jury to explain that he was referring to particular statements made by the defendant which were on the tape recorded conversation which was admitted into evidence. Additionally, although not requested by the defendant, the trial court admonished the jury with regard to the statements made by the prosecutor.
Considering the above reasons, we find that the trial court did not err in denying the defendant's two motions for a mistrial. These assignments are without merit.

ASSIGNMENT OF ERROR NUMBER SIXTEEN
In his sixteenth assignment of error, the defendant contends that the trial court erred in overruling his objection to a leading question posed by the state. He argues that, before an attorney is allowed to lead his own witness on direct examination, a proper foundation must be laid showing that the use of such leading questions is necessary to develop that witness's testimony.
Generally, leading questions should not be used on the direct examination of a witness except as may be necessary to develop his testimony. See La.C.E. art. 611(C). A leading question is one suggesting the answer that the witness is expected to give. However, a question requiring a "yes" or "no" response is not leading unless the question further suggests to the witness the answer he is supposed to give. The use of leading questions is largely within the discretion of the trial court, and only a clear abuse of discretion which prejudices the defendant's rights will justify the reversal of a conviction. State v. Ross, 604 So.2d 1036, 1042 (La.App. 1st Cir.1992).
Immediately following the playing of the tape recording of the conversation between the defendant and Officer Bailey, the state asked Officer Bailey:
Q. (by the prosecutor) MR. BAILEY, IS THAT AN ACCURATE DEPICTION OF HOWWHAT WAS SAID AND WHAT OCCURRED THAT DAY?
A. (by Officer Bailey) YES, IT IS.

*961 Q. MR. BAILEY, YOUR CONVERSATIONS WITH MR. LEBLANC, THE WORDS YOU USED AND YOUR INFLECTIONS ARE DIFFERENT THAN THEY'VE BEEN IN COURT. CAN YOU EXPLAIN THAT TO THE JURY?
A. WELL, WHEN YOU'RE WORKING IN AN UNDERCOVER CAPACITY, IT'S MORE OR LESS
At this point, the defendant objected to the state's questioning of the witness as being leading. The state replied that it did not suggest an answer to the defendant. The trial court overruled the defendant's objection.
The questions posed by the state to Officer Bailey did not suggest answers. Furthermore, these questions presumably were asked by the state in an attempt to substantiate and/or clarify the previous playing of the tape recorded conversation. Moreover, the defendant does not allege, and we fail to see, how any substantial right of the defendant was affected by this portion of the testimony. See La.C.E. art. 103(A). The trial court did not abuse its discretion in overruling the defendant's objection. We find this assignment of error to be without merit.

ASSIGNMENT OF ERROR NUMBER NINETEEN
The defendant contends in his nineteenth assignment of error that the trial court erred in denying the motion for a new trial. He argues that, due to the cumulative impact of the assignments of error argued in his brief, he was denied a fair trial and, thus, should have been granted a new trial. We found merit in defendant's assignment of error number nine with regard to his motion to quash. Thus, as noted earlier, the lesser conviction is being vacated. However, we do not find that this error gives the defendant cause or justification for a new trial. Further, having found the additional assignments of error raised by the defendant to be meritless, we likewise conclude that this assignment has no merit.

PATENT ERROR
Under the authority of La.C.Cr.P. art. 920(2), this Court routinely reviews appellate records for patent error. After reviewing the record, we have discovered two patent errors. According to the record, the trial court did not wait twenty-four hours after the denial of the defendant's motion for a new trial before imposing sentence, nor does the record indicate that the defendant waived that waiting period. See La.C.Cr.P. art. 873. In State v. Augustine, 555 So.2d 1331, 1333-34 (La.1990), the Supreme Court held that a trial court's failure to observe the twenty-four hour delay is not harmless error if the defendant challenges the sentence on appeal. The Court also implied that the error would not be harmless if the issue is raised by the defendant on appeal. However, in the event the issue is not assigned as error or the sentence is not challenged, the error is not reversible unless the defendant can show he was prejudiced. State v. Augustine, 555 So.2d at 1334[3]; State v. Claxton, 603 So.2d 247, 250 (La.App. 1st Cir.1992).
In the instant case, the defendant did not allege, nor do we find, any prejudice. Thus, we find this patent error to be harmless.
However, this Court has discovered an error patent on the face of the proceedings which requires us to vacate the habitual offender enhancement of the defendant's conviction for possession of cocaine in excess of 400 grams. LSA-R.S. 15:529.1(D)(1) provides that, upon the filing of a multiple offender bill of information, the trial court shall cause the defendant to be brought before it and "shall inform him *962 of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true." LSA-R.S. 15:529.1 further implicitly provides that the defendant should be advised by the court of his right to remain silent. State v. Griffin, 525 So.2d 705, 706 (La.App. 1st Cir.1988).
In the instant case, the defendant stipulated that he was the same person named in the habitual offender bill. However, the trial court did not advise the defendant of the specific allegations contained in the multiple offender bill of information, his right to be tried as to the truth of the allegations, and his right to remain silent, before obtaining his stipulation to his identity. Therefore, these failures of the trial court constitute error patent on the face of the record and require that the defendant's habitual offender adjudication and sentence be vacated and the matter remanded to the trial court for further proceedings. See State v. Griffin, 525 So.2d at 707.
CONVICTION AND SENTENCE FOR ATTEMPTED DISTRIBUTION OF COCAINE VACATED; CONVICTION FOR POSSESSION OF COCAINE IN EXCESS OF 400 GRAMS AFFIRMED; MULTIPLE OFFENDER ADJUDICATION AND SENTENCE VACATED AND REMANDED.
SHORTESS, J., concurs.
NOTES
[1] We note that in Powers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), a case involving a white defendant, the United States Supreme Court held that the Equal Protection Clause prohibits a prosecutor from using peremptory challenges to exclude otherwise qualified and unbiased persons from the petit jury solely by reasons of their race, "a practice that forecloses a significant opportunity to participate in civic life." The Supreme Court further held that, while an individual juror does not have the right to sit on a particular petit jury, the juror possesses the right not to be excluded from serving on one on account of race; and the Supreme Court concluded that any defendant, regardless of his race, may raise the third-party equal protection claims of jurors excluded by the prosecution because of their race.

Under Batson v. Kentucky, which involved a black defendant, the United States Supreme Court set forth the procedure for the establishment of a prima facie case of purposeful discrimination. Under this procedure, a defendant first had to show that he was a member of a cognizable racial group and that the prosecutor had exercised peremptory challenges to remove members of the defendant's race from the venire. Clearly, this initial showing is obviated by the holding in Powers v. Ohio. See State v. Lamark, 584 So.2d 686, 695 n. 5 (La.App. 1st Cir.), writ denied, 586 So.2d 566 (La.1991).
[2] Once a prosecutor has offered a race-neutral explanation for his peremptory challenges and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether or not a prima facie case has been made becomes moot. Hernandez v. New York, ___ U.S. at ___, 111 S.Ct. at 1866.
[3] While we fail to appreciate the logic behind the Supreme Court's decision in Augustine, we are bound to follow it. We especially question the Supreme Court's implication that an Article 873 violation can be harmless but automatically becomes reversible merely because the issue is assigned as error or because the sentence is challenged in an assignment of error. Article 920(2) of the Code of Criminal Procedure requires appellate courts to review the record for patent errors regardless of whether the issue has been assigned as error. Merely because a defendant assigns as error an issue which also is patent error should not result in an automatic reversal. See La.C.Cr.P. art. 921.