|2LeBLANC, Judge.
Relator, Arthur Bohn, was charged by bill of information with simple possession of marijuana, in violation of La.R.S. 40:966 D. He pled not guilty and, after a bench trial on February 23, 1995, was found guilty as charged. Relator received a sentence of ninety days in the parish jail and a $300 fine and court costs, or in default of the payment of the fine and court costs, an additional ninety days in jail. The court suspended execution of the jail sentence and placed relator on supervised probation for two years with several special conditions of probation, including a substance abuse clinic and drug screen testing.[1]
On March 29, 1995, relator filed a writ application with this Court seeking review of his misdemeanor conviction and sentence. On May 22, 1995, this Court denied the writ application. State v. Bohn, No. 95 KW 0654. He then applied for supervisory writs with the Louisiana Supreme Court. On September 22, 1995, the Louisiana Supreme Court granted the writ application, vacated this Court’s ruling, and remanded the case to this Court for briefing, argument, and an opinion. State v. Bohn, 95-1499 (La. 9/22/95); 660 So.2d 464.
Herein, relator alleges, as his only assignment of error, that the trial court erred in denying the motion to suppress.[2] For the ^reasons which follow, we remand this matter to the trial court for a reopened hearing on the motion to suppress.

FACTS:

On August 28,1994, Mandeville Police Officer Vaughn Whitehead received a complaint of a prowler at an apartment on Florida Street. He went to the scene of the complaint while Officer Ruple patrolled the nearby area. After speaking with the complainant, Officer Whitehead radioed a description *758 of the prowler to Officer Ruple. Shortly thereafter, Officer Ruple stopped relator, who matched the description, approximately four blocks away from the scene of the complaint. When Officer Whitehead arrived, he and Officer Ruple discussed the matter and decided to return relator to the scene for identification by the complainant. Officer Whitehead assumed that Officer Ruple had conducted a patdown search of relator for weapons. However, because relator was going to be transported back to the scene in the rear of his police unit, Officer Whitehead asked relator to empty his pockets. At that point, relator removed a clear plastic bag which appeared to contain marijuana. He immediately was placed under arrest and transported back to the scene of the prowler complaint. When the complainant was not completely certain of her identification of relator as being the prowler, that investigation was terminated and relator was booked at the Mandeville Police Department for simple possession of marijuana.

ASSIGNMENT OF ERROR:

In his only assignment of error, relator contends that the trial court erred in denying the motion to suppress.
In his brief to this Court, relator apparently concedes the fact that the officers had reasonable suspicion for an | investigatory stop. However, relator contends that Officer Whitehead exceeded the permissible scope of a patdown search for weapons when he asked relator to empty his pockets. We agree. Nevertheless, from an examination of the instant record, we are unable to determine whether or not this search was unconstitutional, as neither party has sufficiently addressed the issue of whether or not the instant search could be upheld as consensual. See State v. Rawls, 552 So.2d 764, 765 (La.App. 1st Cir.1989); State v. Musacchia, 536 So.2d 608, 610-611 (La.App. 1st Cir.1988); State v. Carr, 530 So.2d 579, 585 (La.App. 1st Cir.), writ denied, 533 So.2d 354 (La.1988), cert. denied, 489 U.S. 1098, 109 S.Ct. 1573, 103 L.Ed.2d 939 (1989).
There are insufficient facts in the record on this issue. Specifically, did relator consent to being returned to the scene of the prowler complaint? See State v. Ossey, 446 So.2d 280, 286-287 & n. 5 (La.), cert. denied, 469 U.S. 916, 105 S.Ct. 293, 83 L.Ed.2d 228 (1984); State v. Fraser, 471 So.2d 769, 773 (La.App. 1st Cir.1985), original sentence reinstated, 484 So.2d 122 (La.1986). Furthermore, did Officer Whitehead ask relator to empty his pockets or tell relator to empty his pockets?
This hiatus in the record renders it impossible for this Court to determine whether or not the instant search could be upheld under a theory of consent. However, the incompleteness of the instant record could probably be eliminated by another hearing on the motion to suppress. See State v. Cabanas, 552 So.2d 1040, 1046 (La.App. 1st Cir.1989), writ denied, 556 So.2d 41 (1990). We find appropriate the procedure of remand for a reopened hearing on the motion to suppress. Accordingly, we remand this case for the trial court to receive, at the reopened hearing, evidence relevant to the issue of whether or not relator consented to the instant search. If the trial court finds, in light of any new evidence introduced at the reopened hearing and the evidence previously introduced, that the seized physical evidence was | sinadmissible on this basis, it must vacate relator’s conviction and sentence and grant the motion to suppress. Otherwise, we reserve to relator the right to timely seek supervisory review of any adverse ruling in this matter. In the absence of such a timely writ application seeking supervisory review of an adverse ruling, the present conditional affirmance of relator’s conviction and sentence becomes absolute.
CONVICTION CONDITIONALLY AFFIRMED. SENTENCE CONDITIONALLY AFFIRMED AS AMENDED. REMANDED WITH ORDER REGARDING CREDIT FOR TIME SERVED AND FOR REOPENED MOTION TO SUPPRESS HEARING.
FOGG, J., dissents with reasons.

. We note a patent sentencing error which might become a factor should relator's probation be revoked. Neither the minutes nor the sentencing transcript show that the trial court, in imposing this sentence, gave relator credit for time spent in actual custody prior to sentencing. Such an allowance of credit is mandatory. La.C.Cr.P. art. 880. Accordingly, we amend the sentence to reflect that he is to be given credit for time served, if any, prior to the execution of his sentence. See State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Resentencing is not required; however, we remand this case and order the district court to amend the minute entry of the sentence to reflect that relator is to be given credit for time served.

. In footnotes 1 and 2 in his brief to this Court, relator notes that the instant trial transcript does not contain an express mention of, or ruling on, the motion to suppress. According to relator, a notice of misdemeanor trial indicated that the motion to suppress hearing was combined with the trial; however, this notice of misdemeanor trial is not contained in the instant record. The State’s brief does not contest these facts. Furthermore, we note that, in finding the defendant guilty at the conclusion of the trial, the trial court also stated: "The fact that he asked him to remove all objects from his pockets, which is what he did, does not make what was produced unconstitutional.” We consider this statement by the trial court to be an implicit ruling denying relator's motion to suppress.