laTHOMAS W. TANNER, Judge Pro Tem.
Defendant, Cephus Green, was charged with distribution of a schedule II controlled dangerous substance, [cocaine], on November 30, 1994, a violation of La.R.S. 40:967(A)(1), by bill of information. He pled not guilty but subsequently withdrew that plea and pled guilty to the charge under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the denial of his motion to quash. He was sentenced to serve seven years with the Department of Corrections at hard labor, with credit given for time served. He was advised by the court of the relevant delays for appeal and for filing motions for post-conviction relief.[2]
On October 23, 1995, defendant filed a motion to quash in the prosecution for distribution of cocaine, based on double jeopardy grounds. He argued that he was charged with distribution of cocaine, a violation of La.R.S. 40:967(A)(1), as the result of an undercover drug purchase; in order to protect an involved confidential informant, he was not charged immediately with distribution of cocaine but was arrested moments later and charged with possession of cocaine in violation of La.R.S. 40:967(C). Defendant pled guilty on April 19, 1995, to simple possession of cocaine, a violation of La.R.S. 40:967(C), and received a sentence of three years at hard labor, suspended, and five years of supervised probation.[3]
In this appeal, defendant raises as his sole assignment of error the trial court’s failure to grant the motion to quash based on double jeopardy.
DOUBLE JEOPARDY
The Fifth Amendment to the United States Constitution made applicable to the *112 states prohibits double jeopardy. Likewise, the Louisiana Constitution provides that no person shall be twice placed in jeopardy for the same offense. La. Const. Art. I Sec. |315. Double jeopardy exists in a second trial only when the charge in that trial is identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge on the second trial; or based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial. La.Code Crim.Proc. art. 596.
In determining whether two prescribed offenses constitute the “same offense” for double jeopardy purposes, Louisiana courts have applied two different standards, the “same evidence” test and the Blockburger or “same elements” test. City of Baton Rouge v. Ross, 654 So.2d 1311, 1322 (La.1995).
Under Blockburger, the applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Here, the statutes in question are La.R.S. 40:967(A)(1), distribution of cocaine, and 40:967(C), possession of cocaine.[4] To be convicted of possession of cocaine under La. R.S. 40:967(C), the state must show that the defendant knowingly or intentionally possessed cocaine. Actual physical possession is sufficient, and “constructive possession” may exist when the Immaterial is not in the physical possession of a person but under his dominion and control. State v. Trahan, 425 So.2d 1222, 1226 (La.1983). However, in order to convict of distribution of cocaine under La.R.S. 40:967(A)(1), the prosecution is not required to show actual possession; it need only establish general criminal intent and show that the defendant exercised dominion and control over the illegal substance. State v. Carouthers, 607 So.2d 1018, 1029 (La.App. 3rd Cir.1992), vacated on other grounds, 618 So.2d 880 (La.1993); see also State v. Rexrode, 536 So.2d 671, 676. (La.App. 3rd Cir.1988). The two offenses are not the same for double jeopardy purposes under Blockburger.
The “same evidence” test, as articulated in State v. Steele, 387 So.2d 1175, 1177 (La.1980), requires us to determine whether:
If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial.
In this case, defendant sold two rocks of cocaine to an undercover agent; he was not arrested at that time for distribution. A few minutes later, he was arrested for simple possession of some additional rocks of cocaine. The trial court denied the motion to quash based on State v. Carouthers, 607 So.2d 1018, and on State v. Leblanc, 618 So.2d 949 (La.App. 1st Cir.1993).
State v. Carouthers held that where nine rocks of cocaine seized in the defendant’s room were used to prove possession of cocaine with intent to distribute, and two other rocks sold to an undercover agent were used to prove distribution of cocaine, no double jeopardy attached because the “same evidence” was not used to secure each convic *113 tion. The evidence required to support a finding of guilty for the charge of distribution would not have supported the defendant’s conviction for possession with intent to distribute, because the first two rocks were used to prove distribution, while the additional nine rocks were used to prove possession with intent to distribute. State v. 15Carouthers, 607 So.2d at 1028.
In State v. Leblanc, the defendant was charged with possession in excess of 400 grams of cocaine, and distribution of the same cocaine. The court found that convictions for attempted distribution and possession of cocaine in excess of 400 grams did violate double jeopardy, because the same package of cocaine from the sale transaction was used to convict the defendant with possession. State v. Leblanc, 618 So.2d at 957.
The problem we are faced with in this appeal is that we are unable to determine from the record before us what evidence the state intended to use to prove that defendant was guilty of distribution of cocaine. At the hearing on the motion to quash, the defense attorney stated, “Based on the fact that we’re dealing with the same evidence in this matter and factual circumstances, I would argue that this is double jeopardy-” The district attorney submitted on the record, and the trial judge stated, “The cocaine in the possession for which he pled is different from that of the cocaine which is the subject of the distribution, the different rocks or different ones involved.” However, no evidence was introduced to support either assertion.
The burden of proof at a hearing on a motion to quash based on double jeopardy grounds has not been addressed by the Louisiana jurisprudence. However, we note that the Fifth Circuit Court of Appeals has resolved that the defendant bears the initial burden of establishing a prima facie claim of double jeopardy; if he does so, the burden shifts to the government to demonstrate by a preponderance of the evidence that the indictment charges a crime separate from that for which the defendant previously was placed in jeopardy. United States v. Schinnell, 80 F.3d 1064, 1066 (5th Cir.1996); United States v. Deshaw, 974 F.2d 667, 670 (5th Cir.1992). A clear majority of federal circuit courts have held that once a defendant makes a prima facie nonfrivolous double jeopardy claim, the burden of proof shifts to the prosecution to prove by a preponderance of the evidence that the indictments charge separate offenses. Commonwealth of Pennsylvania v. Savage, 388 Pa.Super. 561, 566 A.2d 272 (1989), citing Fifth, Fourth, Third, Second, Eleventh, First, |6Sixth, and Eighth Circuit Court of Appeals cases. The rationale for shifting the burden of proof to the prosecution is:
When a double jeopardy claim is raised before commencement of the second trial however, a defendant is at a serious disadvantage in attempting to prove the identity of the successive offense charged to him. There is as yet no record from the second trial, and the' rules of criminal procedure give the defendant little opportunity to discover the proof on which the government intends to rely in that trial. He must therefore rely on the indictments themselves, his own testimony, and any testimony he can obtain from his co-defendants and other third parties. Commonwealth v. Savage, 566 A.2d 272, 281 (citing United States v. Ragins, 840 F.2d 1184 (4th Cir.1988)).
We find this reasoning persuasive. Here, the defendant alleged in his motion to quash that the initial arrest was for possession of cocaine, that he was arrested moments later for distribution of cocaine, and that both charges arose out of the same set of factual circumstances and involved the same evidence. The bill of information charged him with the offense of distribution of cocaine and is in the record. Defendant had no way of knowing at the time the hearing on the motion to quash was held what evidence the state would use against him. We believe that he made out a prima facie claim of double jeopardy.
However, we feel the best procedure under the circumstances is that the case be remanded for a reopened hearing on the motion to quash. See State v. Cabanas, 552 So.2d 1040 (La.App. 1st Cir.1989), writ denied, 556 So.2d 41 (La.1990); State v. Bohn, *114 95-0664 (La.App. 1st Cir. 2/23/96), 668 So.2d 756. From the record before us, we are unable to determine if the state would be able to carry its burden of proof by a preponderance of the evidence that two distinct prosecutions were instituted against defendant, under either the Blockburger or the “same evidence” tests. Accordingly, we remand the case for the trial court to receive, at the reopened hearing, evidence relevant to defendant’s claim of double jeopardy, i.e., the crack cocaine rocks seized from defendant at the time of his arrests. If the trial court finds that the cocaine the state seeks to use against defendant to convict is the same for both the charge for possession and the charge for distribution under State v. Leblanc, 618 So.2d 949, 957, it must afford defendant an ^opportunity to withdraw his guilty plea and grant the motion to quash. Otherwise, we reserve to defendant the right to timely appeal any adverse ruling. In the absence of such a timely appeal, the present conditional affirmance of defendant’s conviction becomes absolute. State v. Cabanas, 552 So.2d at 1046.
CONVICTION AND SENTENCE CONDITIONALLY AFFIRMED; AND REMANDED FOR REOPENING MOTION TO QUASH HEARING.
LeBLANC, J., dissents and assigns reasons.

. We note in the record that the trial judge referred to defendant's charge as La.R.S. 40:966(A)(1), "distribution of cocaine.” La.R.S. 40:966(A)(1) proscribes distribution of marijuana, not cocaine; clearly the trial judge merely made a clerical error in reciting the applicable law.

.Because there was no trial, the record before us does not reveal the underlying facts as to defendant’s simple possession charge; we are relying upon defense counsel’s brief for these facts.

. La.R.S. 40:967(A)(1) reads as follows:
A. Manufacture; distribution. Except as authorized by this Part or by Part VXI-B of Chapter 5 of Title 40 of the Louisiana Revised Statutes of 1950, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II;
La.R.S. 40:967(C) reads as follows:
C. Possession. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner, as provided in R.S. 40:978 while acting in the course of his professional practice, or except as otherwise authorized by this Part.