LOLLEY, J.
 

 | ]This criminal appeal arises from the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, which granted a motion to quash three prior DWI convictions in favor of the defendant, Mark Lewis Carter. The state now appeals. For the following reasons, we reverse the trial court’s ruling and remand for further proceedings.
 

 
 *456
 
 FACTS
 

 In 2009, Carter was arrested by the West Monroe City Police Department. After reviewing his criminal record, the state subsequently charged Carter with DWI, 6th Offense (a violation of La. R.S. 14:98) and Improper Lane Usage (a violation of La. R.S. 32:79). Carter pled not guilty to both offenses.
 

 In September 2009, Carter filed a Motion to Quash three of the prior convictions arguing that the ten-year “cleansing period” provided in La. R.S. 14:98(F)(2) had run on three of the earlier convictions. Following a hearing, the trial court granted the motion and quashed the three predicate offenses. The State filed the instant appeal.
 

 LAW AND DISCUSSION
 

 At the outset we note that the granting of a motion to quash is an appealable judgment. La. C. Cr. P. art. 912(B)(1). The issue that is at the heart of this appeal is how to calculate the “cleansing period” as set forth in the recently amended La. R.S. 14:98(F)(2) which states in pertinent part:
 

 For purposes of this Section, a prior conviction shall not include a conviction for an offense under this Section, under R.S. 14:32.1, R.S. 14:39.1, or R.S. 14:39.2, or under a comparable statute or ordinance of another jurisdiction, as described in Paragraph (1) of this Subsection, if committed more than ten years prior to the commission of the crime for 12which the defendant is being tried and such conviction shall not be considered in the assessment of penalties hereunder. However,
 
 periods of time during which the offender was awaiting trial, on probation for an offense described in Paragraph (1) of this Subsection,
 
 under an order of attachment for failure to appear, or incarcerated in a penal institution in this or any other state shall be excluded in computing the ten-year period. (Emphasis added.)
 

 There is no real dispute about the time line for purposes of La. R.S. 14:98(F)(2), only the computation in determining the cleansing period and its applicability. Carter’s DWI record is as follows:
 

 (1) Arrested on 12/19/92 DWI offense, convicted on 6/28/93, sentenced to 120 days, suspended, placed on 24 months’ probation;
 

 (2) Arrested on 3/14/93 DWI offense, convicted on 6/28/93 in conjunction with the previous arrest, sentenced to 120 days, suspended, placed on 24 months’ probation, to run concurrently;
 

 (3) Arrested on 1/16/93 DWI offense, convicted on 8/10/93, sentenced to 120 days, suspended, placed on 24 months’ supervised probation;
 

 (4) Arrested on 4/23/97 DWI offense, convicted on 7/8/98, sentenced to 10 years at hard labor, two years without benefits, placed on five years supervised probation; and,
 

 (5) Arrested on the current charge on 4/30/09.
 

 The trial court ultimately held that the first three offenses were “cleansed” and expired prior to the commission of a new offense; therefore, they could not be used to enhance the penalties for subsequent offenses.
 

 The state points out that La. R.S. 14:98(F)(2) was amended by Act 640 of 2008 to add the language, “awaiting trial, on probation for an offense described in Paragraph (1) of this Subsection, under an order of attachment for failure to appear .... ” The state continues to explain its method of ^calculating the period at issue. As to the first two offenses listed above, the state stipulates that because
 
 *457
 
 Carter was convicted on the same date for both offenses, and the court minutes reflect that his probation for each was to run concurrently, the same cleansing period would apply to both convictions. Next, the State admits that on the third offense, because it could not prove the exact date that Carter’s probation ended, it gave Carter the benefit by beginning the cleansing period on the date of this conviction which began on August 10,1993.
 
 [1]
 

 Nonetheless, the State argues that the cleansing period on the first three listed convictions stopped running or was interrupted when Carter was arrested for DWI 4th in Terrebonne Parish on April 23, 1997, and convicted on July 8, 1998. He was sentenced to ten years at hard labor (two years without benefits) and placed on supervised probation for five years. Carter served two years of that sentence and then was on probation for five years. Accordingly, the earliest Carter’s cleansing period could have resumed running was July 8, 2005. He then was arrested on the current charge on April 30, 2009. The State contends that when the period from July 8, 2005 and April 30, 2009 (three years, nine months) is added to the three years and Leight months that had run prior to Carter’s Terrebonne Parish arrest, the total is approximately seven years, five months — short of the ten-year requirement.
 

 In contrast, Carter argues that the calculation of the cleansing period is simple and straightforward. According to Carter, one begins by adding 10 years to the date of “commission” of an offense, and then subtracting “any time spent waiting for trial, on probation, etc.” Under this reasoning, the cleansing period applies to all three prior offenses. Carter insinuates that to read the statute the way the state does raises issues of double jeopardy.
 

 In
 
 State v. Hall,
 
 27,015 (La.App.2d Cir.11/17/94), 648 So.2d 1, this court noted that the statute did not punish as a crime an act previously committed which was innocent when done, did not make the punishment for a crime more burdensome after its commission, and did not deprive the accused of any defense available according to the law at the time when the act was committed. We apply the same reasoning with the amendment made by Act 640 of 2008.
 

 In the instant case, we find that the trial court erred in failing to recognize that the DWI offense on April 23, 1997, occurred within the 10 year cleansing period of his 1993 convictions. Clearly, the Legislature’s desire for the cleansing period to include only time during which the accused is
 
 not under any legal restraints
 
 is embraced with the change in the statute. It sends the necessary message that offenders cannot rely on the “cleansing period” to minimize their sentencing despite their recidivism and | (¡it ⅛ not meant to be a windfall for offenders awaiting trial. To construe the statute as Carter argues virtually gives no effect to the amendments contained in Act 640 of 2008.
 

 
 *458
 
 It is well established, “when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” La. C.C. art. 9.
 
 See also,
 
 La. R.S. 1:4 and 14:3. Given the distinct word choice and straightforward statutory language, we see no need to consider the habitual offender law by way of analogy. Thus, we conclude the trial court erred in granting the motion to quash on the three predicate offenses.
 

 CONCLUSION
 

 For the reasons set forth above, we reverse the trial court and remand for further proceedings.
 

 REVERSED AND REMANDED.
 

 APPLICATION FOR REHEARING
 

 Before WILLIAMS, GASKINS, PEATROSS, MOORE and LOLLEY, JJ.
 

 Rehearing denied.
 

 [1]
 

 . However, the State does note that Carter was arrested on 1/16/93 while the first two offenses were pending. He was then sentenced on the first two offenses on 6/28/93, but he was still awaiting trial on the third listed offense. Thus, as set forth by La. R.S. 14:98(F)(2), the cleansing period could technically not start running at that time. The State further provides that Carter was eventually convicted on the third listed offense on 8/10/93, was sentenced to 120 days suspended, and was placed on supervised probation for a period of up to 24 months; therefore, the cleansing period definitely could not begin until the probation ended. Again, the State admits that it cannot prove when this probation ended, so for purposes of the calculation of the cleansing period, the State begins the period on the date of the conviction of the third listed offense.