PARRO, J.
|2The defendant, James T. Warren, was charged by bill of information with driving while intoxicated (DWI), fourth offense, a violation of LSA-R.S. 14:98. The defendant pled not guilty. The defendant filed a motion to quash, challenging two predicate DWI convictions. Several hearings were held on the matter, and at the third hearing, the motion to quash was denied. The defendant subsequently withdrew his not guilty plea and, at a Boykin hearing, entered a guilty plea under State v. Crosby, 338 So.2d 584 (La.1976), to preserve his right to appeal the court’s denial of the motion to quash. The court sentenced the defendant to ten years of imprisonment at hard labor and imposed a $5,000 fíne.
The defendant now appeals, designating the following four assignments of error:
1. The defendant was improperly advised of his Boykin rights for his March 16,1999 predicate convictions.
2. The wording of LSA-R.S. 14:98(F)(2) is vague and, therefore, unconstitutional.
3. LSA-R.S. 14:98(F)(2) is unconstitutional because it creates an ex post facto violation.[1]
4. The trial court misapplied the ten-year cleansing period of LSA-R.S. 14:98(F)(2) and, thereby, erroneously concluded that the defendant’s earliest predicate conviction fell within the requisite period, resulting in a DWI, fourth offense, for the instant charge.
*982 We remand this matter to the trial court for a reopened hearing on the motion to quash, and we conditionally affirm the conviction and sentence.

FACTS

Because the defendant pled guilty, the facts were not developed. At the Boykin hearing on March 3, 2011, the defendant entered a Crosby plea and pled guilty to driving while intoxicated, fourth offense, committed on December 24, 2009.

DISCUSSION

Because we remand, we pretermit addressing the assignments of error. The central issue in this case is the computation of the ten-year cleansing period as it applies to an offender with multiple DWI convictions. Louisiana Revised Statute 14:98(F)(2) provides, in pertinent part:
[.-¡For purposes of this Section, a prior conviction shall not include a conviction for an offense under this Section ... if committed more than ten years prior to the commission of the crime for which the defendant is being tried_However, periods of time during which the offender was awaiting trial, on probation for an offense described in Paragraph (1) of this Subsection, under an order of attachment for failure to appear, or incarcerated in a penal institution in this or any other state shall be excluded in computing the ten-year period. (Emphasis added.)
In accordance with LSA-R.S. 14:98(F)(2), an initial ten-year cleansing period determined on a strictly calendar basis would comprise the period of time beginning with the date of commission of the offense for which the defendant is being tried and ending with the same month and day ten years earlier. However, applicable periods of time designated in LSA-R.S. 14:98(F)(2) shall be excluded in computing the ten-year period. Therefore, the total period of time attributed to all of the applicable, excludable periods of time cannot be counted in calculating the ten-year cleansing period. For example, if a defendant was incarcerated for five years, the five years of incarceration cannot be counted in determining the ten-year cleansing period (cleansing period). In such an example, the cleansing period would begin with the date of the offense for which the defendant is being tried and, after excluding five years attributable to incarceration and tacking on ten years for the cleansing period, would end with a calendar date fifteen years preceding the beginning date. Accordingly, in this example, a predicate offense must fall outside the ending date of the cleansing period in order for the relevant conviction to be cleansed.
The bill of information charged the defendant with DWI, fourth offense, committed on December 24, 2009. The bill of information lists the following three predicate convictions: a May 8, 2003 guilty plea for operating a motor vehicle while intoxicated on March 28, 2002;[2] a March 16, 1999 guilty plea for operating a motor vehicle while intoxicated on November 2, 1998;[3] and a March 16, 1999 guilty plea for operating a motor vehicle while intoxicated on August 13, 1998.[4] For the DWI *983 committed on March 28, 2002, the defendant was sentenced to serve ten years at hard |4Iabor and sixty days in the parish jail; however, the ten-year sentence was suspended, and the defendant was placed on probation for five years for that portion of the sentence. For the DWI committed on November 2, 1998, the defendant was sentenced to serve eighteen months at hard labor, with the first twelve months to be served without parole; for the DWI committed on August 13, 1998, the defendant was sentenced to serve six months in the parish jail. The latter two sentences were ordered to run concurrently.
At three separate hearings on a motion to quash, defense counsel argued that either or both of the defendant’s two DWI convictions on March 16, 1999, fell outside of the cleansing period defined in LSA-R.S. 14:98(F)(2) and, therefore, could not be used by the state for purposes of sentencing enhancement. At the first hearing on August 18, 2010, defense counsel argued that the defendant’s conviction for the DWI committed on August 13, 1998, fell outside of the cleansing period, and the defendant’s conviction for the DWI committed on November 2, 1998, likely fell outside of the cleansing period as well. Defense counsel also argued that the effect of these predicates for enhancement purposes was not properly explained to the defendant when he pled guilty and that the use of these predicates by the state is an ex post facto violation. Denying the motion to quash in part, Judge William Crain ruled that there was no ex post facto violation and that there was no defect in the defendant’s prior Boykin colloquy. Judge Crain did not rule on the cleansing period issue. Instead, he found the issue was not properly before the court, because defense counsel had not filed a bill of particulars requesting the state to explain how it determined that the defendant’s predicate offenses fell within the cleansing period.
A second motion-to-quash hearing was held on September 29, 2010. After a similar argument by defense counsel as was made in the first hearing regarding the cleansing period, Judge Crain, in granting the motion to quash, found that the conviction for the DWI offense committed on August 13, 1998, was “cleansed by the ten-year cleansing period and cannot be used as a predicate.” The state applied for supervisory writs with this court. On December 17, 2010, we granted the state’s writ, vacated Judge Crain’s ruling that granted the defendant’s motion to quash, and ^remanded to the district court for reconsideration. See State v. Warren, 10-1979 (La.App. 1st Cir.12/17/10) (unpublished).
A third motion-to-quash hearing was held on February 14, 2011, by Judge Raymond Childress. Judge Childress acknowledged the ruling in this court’s writ action and heard essentially the same argument regarding the cleansing period. In denying the defendant’s motion to quash, Judge Childress found that the DWI offense committed on August 13, 1998, fell within the cleansing period. Judge Childress provided written reasons in the order denying the defendant’s motion to quash. In pertinent part, Judge Childress explained, “After receiving 18 months incarceration in case number 300716 [November 2, 1998 offense] on March 16, 1999, the ten year cleansing period was extended so that these prior predicate offenses fall within the requisite ten year period necessary for a fourth offense DWI occurring on December 24, 2009.” The defendant subsequently pled guilty under State v. Crosby to DWI, fourth offense, at a Boykin hearing on March 3, 2011.
While it is not clear from the record before us whether the trial court admitted *984 any evidence at any of the motion-to-quash hearings, it is clear that the trial court and counsel reviewed documentation during the hearings. For example, at the beginning of the first hearing, defense counsel stated:
The district attorney has supplied in his memorandum, attached to his memorandum, a complete set of all the, I assume available records or relevant records for the prior offenses, which includes minute entries, bills of information for each of those three charges, minute entries for each of those three charges and two transcripts.
Also, at the third hearing, when the trial court asked the state to look at defendant’s record, the transcript notes that the clerk tendered a document.
The appellate record before us contains minute entries, bills of information, and Boykin transcripts of the defendant’s predicate convictions that are listed in the instant bill of information. The minute entries, in particular, provide information as to when the defendant was convicted and the sentences and/or probation that he received for those convictions. None of these documents in the record, however, provide any information regarding the actual time the defendant awaited trial or served on his sentences, or how many months he was actually on probation. Without this information, we cannot | (¡calculate the ending date of the cleansing period, much less determine if the predicate offenses at issue fall within or fall outside the cleansing period.
The trial court and counsel at the motion-to-quash hearings appeared to base their calculations on the “sentences” the defendant received without regard to the time the defendant was actually incarcerated or on probation or awaiting trial. But this approach is incorrect. Louisiana Revised Statute 14:98(F)(2) specifically provides that the periods of time to be excluded in computing the cleansing period are those periods of time the defendant was “awaiting trial,” “incarcerated in a penal institution,” or “on probation.” For example, following the third motion-to-quash hearing, Judge Childress, in his written order, equated the eighteen-month sentence the defendant received for the DWI offense committed on November 2, 1998, with eighteen months of actual time served: “After receiving 18 months incarceration in case number 300716 on March 16, 1999.... ” However, at the first motion-to-quash hearing, regarding the concurrent six-month and eighteen-month sentences the defendant received for his March 16, 1999 convictions, defense counsel stated to the trial court, “And he actually served nine months, Your Honor.” Thus, as it pertains to a proper calculation of the cleansing period, this is a critical nine-month swing either for or against the defendant. Accordingly, the time the defendant was actually incarcerated, as well as the time he was awaiting trial or on probation, must be supported by competent evidence.
Since the record can likely be made complete by another hearing on the motion to quash, we remand the matter to the trial court for a reopened hearing. See State v. Green, 96-0256 (La.App. 1st Cir.12/10/96), 687 So.2d 109, 113-14. The trial court is to receive evidence at the reopened hearing that establishes the periods of time the defendant was awaiting trial, incarcerated, and/or on probation for the three convictions [5] listed in the instant bill of information, namely: the May 8, *985 2003 guilty plea for the March 28, 2002 offense; the March 16, 1999 guilty plea for the November 2, 1998 offense; and the March 16, 1999 guilty plea for the August 13, 1998 offense. Such evidence may include, for example, documentation of discharge dates from 17incarceration or probation resulting from the defendant’s predicate convictions. If, upon remand, the trial court grants the motion to quash as to any of the predicates, the defendant must be afforded an opportunity to withdraw his guilty plea. In the event the trial court denies the motion to quash, the right to timely appeal that adverse ruling is reserved to the defendant, as well as the right to appeal and reurge only those assignments of error presented in this appeal. See Green, 687 So.2d at 114. Because we have pretermitted addressing the assignments of error, we conditionally affirm the conviction and sentence, pending the ruling resulting from the reopened hearing. See State v. Kennedy, 438 So.2d 210, 212-13 (La.1983) (per curiam).
CONVICTION AND SENTENCE CONDITIONALLY AFFIRMED; REMANDED WITH INSTRUCTIONS.

. Both the United States Constitution and the Louisiana Constitution prohibit the enactment of an ex post facto law. U.S. Const. Art. I, §§ 9 and 10; LSA-Const. Art. I, § 23.

.Although the bill of information refers to a "May 18, 2003” guilty plea, the correct date is May 8, 2003. This guilty plea was entered in the Twenty-Second Judicial District Court (22nd JDC) in St. Tammany Parish under docket number 349962.

. This guilty plea was entered in the 22nd JDC in St. Tammany Parish under docket number 300716.

. This guilty plea was entered in the 22nd JDC in St. Tammany Parish under docket number 293713.

. Even though the defendant is only challenging two of the three predicate DWI convictions, the periods of time that "shall be ex-eluded" in computing the cleansing period must be determined by examining the rele *985 vant “periods of time” associated with all three predicate convictions.