FREDERICKA HOMBERG WICKER, Judge.
|2The State of Louisiana appeals a judgment of the district court granting defendant’s Motion to Quash the bill of information charging him with a third offense of driving while intoxicated in violation of La. R.S. 14:98(D). The sole issue before this Court is whether the trial court properly found that defendant’s two prior convictions do not fall within the ten (10) year “cleansing period” provided in La. R.S. 14:98(F)(2) and, thus, cannot be used to enhance the offense with which defendant is currently charged. For the reasons discussed below, we affirm.

FACTS AND PROCEDURAL HISTORY

On December 9, 2010, the Jefferson Parish District Attorney filed a bill of information charging defendant, Marc John Hoer-ner, with a third offense of operating a motor vehicle while intoxicated in violation of La. R.S. 14:98(D). The information alleged that on October 18, 2010, defendant operated a motor vehicle |swhile intoxicated having been previously convicted of operating a motor vehicle while intoxicated in violation of La. R.S. 14:98 on October 28, 1998, and on April 6, 1999, in Jefferson Parish.
On January 13, 2011, defendant filed a Motion to Quash the bill of information, arguing that his two prior DWI convictions do not fall within the ten-year cleansing period as set forth in La. R.S. 14:98(F)(2) and are therefore not eligible to enhance his instant offense.[1] At the March 25, 2011, hearing on the Motion to Quash, the state submitted certified copies of defendant’s two prior convictions. Defendant’s first conviction, Docket No. FI138335 of First Parish Court, resulted from a July 23, 1997 offense. Defendant was convicted on October 28, 1998 and sentenced to a term of active probation for six (6) months. Defendant’s second conviction, Docket No. F1144784 of First Parish Court, resulted from a September 8, 1997 offense. Defendant was convicted on April 6, 1999 and sentenced to an active probation period of one (1) year.
Following the hearing, the trial court, Honorable Patrick McCabe presiding, determined that the prior convictions fell outside of the ten-year cleansing period provided in La. R.S. 14:98(F)(2) and granted defendant’s Motion to Quash. The state timely filed the instant appeal.
In its sole assignment of error, the state argues that the trial court erred in its calculation of the ten-year cleansing period provided in La. R.S. 14:98(F)(2) and in granting defendant’s Motion to Quash. In presenting its method for computing the ten-year cleansing period, the state contends there are four periods of time which must be excluded from the ten-year computation in this case: (1) the fifteen months defendant awaited trial in Docket No. F1138335, (2) the six months of active probation in Docket No. F1138335, (3) the nineteen months defendant awaited trial |4in Docket No. F1144784, and (4) the one year of active probation in Docket No. F1144784.
Collectively, these four periods amount to a total of 52 months. The state con *1130 tends that excluding these 52 months, during which defendant was either awaiting trial or serving probation, from the ten-year period effectively extends back the applicable period to June 18, 1996. Following this calculation, defendant’s two prior convictions, committed on July 23, 1997 and September 8, 1997, would be included within the ten-year period and could be considered to enhance defendant’s instant offense.
Conversely, defendant argues that the ten-year cleansing period commenced to run on the date he was no longer under legal restraints stemming from his two prior convictions. He contends that the ten-year cleansing period commenced on April 6, 2000, the date on which his probation terminated on his second conviction. Following defendant’s calculation, the ten year period would extend to April 6, 2010. The instant offense was committed on October 18, 2010, thereby falling outside of the ten-year cleansing period.

DISCUSSION

The applicable portion of the statute, La. R.S. 14:98(F)(2), provides:
For purposes of this Section, a prior conviction shall not include a conviction for an offense under this Section, under R.S. 14:32.1, R.S. 14:39.1, or R.S. 14:39.2, or under a comparable statute or ordinance of another jurisdiction, as described in Paragraph (1) of this Subsection, if committed more than ten years prior to the commission of the crime for which the defendant is being tried and such conviction shall not be considered in the assessment of penalties hereunder. However, periods of time during which the offender was awaiting trial, on probation for an offense described in Paragraph (1) of this Subsection, under an order of attachment for failure to appear, or incarcerated in a penal institution in this or any other state shall be excluded in computing the ten-year period.
As an initial matter, statutory interpretation begins, “as [it] must, with the language of the statute” itself. State v. Mayeux, 2001-3195 (La.6/21/02), 820 So.2d5 526, 529, citing Bailey v. United States, 516 U.S. 137, 144, 116 S.Ct. 501, 506, 133 L.Ed.2d 472 (1995). The language of La. R.S. 14:98(F)(2) states that a prior conviction shall not be considered a prior conviction under the statute “if committed more than ten years prior to the commission of the crime for which the defendant is being tried ...” This language instructs that the initial pertinent dates to be considered when calculating the ten-year period in the statute are the dates of commission of the prior crimes sought to be used to enhance the current offense as well as the date of commission of the crime for which the defendant is currently charged. However, the statute also reads that “periods of time during which the offender was awaiting trial, on probation for an offense described in Paragraph (1) of this Subsection, under an order of attachment for failure to appear, or incarcerated in a penal institution in this or any other state shall be excluded in computing the ten-year period.” Although there is little jurisprudence on this issue, the Second Circuit has found that this specific language indicates “the Legislature’s desire for the cleansing period to include only time during which the accused is not under any legal restraints.” State v. Carter, 45,334 (La.App.2 Cir. 6/23/10), 42 So.3d 455, 457 (Emphasis original). Accordingly, the language of the statute indicates that the cleansing period only accrues when a defendant is not under any legal restraints; consequently, periods of time when a defendant is under legal restraints must be excluded from the calcula *1131 tion of the cleansing period under the statute.
Cleansing periods are purely statutory rules constituting self-imposed restraints on the state’s plenary power to define and punish crimes. Due process does not require them and several Louisiana repeat offender statutes do not have them. State v. Rolen, 95-0347 La. 9/15/95, 662 So.2d 446, 449. The purpose of cleansing periods such as the one provided in section (F)(2) of R.S. 14:98 is to Rreward prior offenders with the “cleansing” of their pri- or convictions if they are able to refrain from committing another offense within the statutory time frame.[2]
In the case before us, there is a nineteen-month period of time during which the defendant was simultaneously under legal restraints for two separate convictions. From September 8, 1997 to April 6, 1999, defendant was awaiting trial in Docket No. F1144784. Also during this span of time, defendant awaited trial and served six months of probation in Docket No. F1138335. The state contends that this nineteen month period, during which defendant was under legal restraints for two different offenses, should be counted twice and excluded when calculating the cleansing period. The state’s calculation method results in a windfall for the state and essentially, as the trial judge notes, allows the state to “double dip” by calculating a period of time twice if it includes concurrent legal restraints from separate convictions. We find this calculation method, resulting in a windfall for the state, would contradict the purpose and language of the statute.
Accordingly, we hold that the time during which a defendant is under concurrent legal restraints stemming from two or more separate convictions should only be excluded once in the computation of the ten-year cleansing period provided in La. R.S. 14:98(F)(2).
In this case, Defendant was either awaiting trial or on probation for a DWI offense from July 23, 1997, to April 6, 2000; this thirty-three month time period, rather than the fifty-two month period suggested by the state, must be excluded in computing the cleansing period. The period of time from the commission of defendant’s first offense, on July 23, 1997, and the commission of the instant offense, October 18, 2010, is thirteen years and nearly three months. Deducting |7from that time the thirty-three months defendant was under some form of legal restraint, leaves a remainder of ten years and six months. Consequently, the October 18, 2010, offense with which defendant is currently charged was committed outside of the ten-year cleansing period.
As such, defendant’s prior convictions may not be used to enhance the instant offense pursuant to La. R.S. 14:98(F). Accordingly, the judgment of the trial court granting defendant’s Motion to Quash is affirmed.

AFFIRMED

. On January 19, 2011, defendant was arraigned and pled not guilty to the charge.

. See Christine P. Fontana, State v. Rolen: The Louisiana Supreme Court’s Message to Drunk Drivers-Mopping Up the Highways with an Enlarged Cleansing Period, 42 Loy. L.Rev. 391 (1996); State v. Mobley, 592 So.2d 1282 (La.1992); State v. Krause, 405 So.2d 832 (La.1981).