ROLAND L. BELSOME, Judge.
_JjIn this appeal, the juvenile defendant is challenging the trial court’s judgment finding him in contempt of court for his refusal to submit to psychological and psychiatric testing. For the following reasons, the appeal is converted to an application for supervisory writ; and the writ is denied.

FACTS AND PROCEDURAL HISTORY

The juvenile defendant, J.M., was charged by petition filed in juvenile court with second degree murder. Shortly thereafter, the State filed a motion to transfer the defendant to the jurisdiction of criminal district court. Pursuant to requests from both the State and the defendant, the juvenile court ordered the defendant to submit to three doctor examinations.[1] The defendant did not seek appellate review of the trial court’s order. However, the defendant later invoked his Fifth and Sixth Amendment privileges, and filed a motion for a hearing. Following a hearing, the trial court denied the defendant’s motion to rescind the order compelling the mental examinations. The defendant subsequently agreed to submit to the mental examinations, but then filed a notice of his refusal to comply with the order, reasserting his Fifth and Sixth Amendment rights. In response to the notice of |2refusal,[2] the trial court conducted a contempt hearing. When the defendant confirmed that he would not comply with the court order, he was found to be in contempt of court and sentenced to fifteen days in custody at the Youth Study Center. This appeal followed.

MOTION TO DISMISS

As a preliminary matter, the State, in its brief, urges that we dismiss the appeal, arguing that the proper procedural vehicle for review of a motion for contempt is an application of supervisory writs. In the instant case, the object of the proceeding was to determine whether J.M. should be punished for willfully disobeying the court’s order,[3] thus it was a criminal contempt proceeding.[4] Since the *1273 contempt judgment is not final, it is not an appealable judgment. La.C.Cr.P. art. 912(A). “However, this Court’s custom is to convert an improperly filed criminal appeal to a writ.” State v. Waddell, 12-111, p. 1 (La.App. 4 Cir. 10/24/12), 102 So.3d 1025, 1027 (citations omitted). Accordingly, the State’s request for dismissal is hereby denied and the defendant’s appeal is converted to an application for supervisory writs.

DISCUSSION

In his sole assignment of error, the defendant contends that the trial court erred in finding him in contempt of court for refusing to comply with the trial | acourt’s order, based on his assertion of his Fifth Amendment right against self-incrimination.[5] In particular, he argues that he cannot be compelled to make statements that can be used at his transfer hearing to assist the State in meeting its burden of proving that he is fit to be tried as an adult.
“It is a well-accepted principle in proceedings for criminal contempt that orders of the trial judge in the conduct of trials must be obeyed, irrespective of the ultimate validity of the order, unless the trial judge stays the order or ruling to permit a review.” Dauphine v. Carencro High Sch., 02-2005, p. 13 (La.4/21/03), 843 So.2d 1096, 1106-07 (citations omitted). The correctness of a court order or ruling is not contested by deciding to willfully disobey it, without suffering the consequence of that disobedience. Respect for judicial process .is a small price for the civilizing hand of law. Unless frivolous or blatantly invalid, the order must be heeded. Id. Of course, the order must not require an irretrievable surrender of constitutional guarantees. Id. (citing City of Lake Charles v. Bell, 347 So.2d 494, 497 (La.1977)).
“Criminal contempt is a crime, and the Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal proceeding against conviction of a crime except upon proof beyond a reasonable doubt of every fact necessary to constitute the contempt charge.” Dauphine, 02-2005 at p. 15, 843 So.2d at 1108 (citing State in the Interest of R.J.S., 493 So.2d 1199, 1202 (La.1986)). On appeal, the reviewing court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to | ¿conclude that every element of the contempt charge was proved beyond a reasonable doubt. Id.
The defendant was convicted of willful disobedience of a court order, which constitutes constructive contempt. La. Ch.C. art. 1507. Willful disobedience of a court order requires a consciousness of the duty to obey the order and an intent to disregard that duty. Id. (citing R.J.S. at 1203).
At the contempt hearing, the defendant testified that he was aware of and refused to comply with the court’s order requiring him to submit to the mental *1274 examinations. Therefore, we must conclude that the evidence, when viewed in a light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude that the defendant willfully refused to obey a court order.
The Louisiana Supreme Court has addressed this issue in State in the Interest of Bruno, 388 So.2d 784 (La.1980). The Bruno Court upheld the trial court’s authority to order a psychological evaluation for transfer purposes against a Fifth Amendment challenge. Bruno, 388 So.2d at 787. In concluding there was no violation of the right to be compelled to give evidence against oneself, the Court observed that the evaluation was not being conducted for use at the adjudication hearing to determine the child’s guilt or innocence of the crime charged; rather it was being used as an aid to the court in its determination of amenability to treatment in the juvenile system. Id.
When the trial court originally ordered the defendant to submit to the mental examinations, the defendant did not seek supervisory review of the validity of that order or challenge the constitutionality of the La. Ch.C. art. 860. Thus, the constitutionality of the article is not before us. Although the defendant seeks to attack the underlying order through the contempt judgment, the trial court issued a | .¡lawful order requiring the defendant to submit to mental examinations in accordance with La. Ch.C. art. 860(A).[6] La. Ch.C. art. 860 authorizes the court to order such examinations when the child is subject to a motion to transfer. In addition, Section (D) of Article 860 incorporates Fifth Amendment protections by prohibiting the contents of the reports from being used in an adjudication hearing or later criminal trial in violation of the child’s privilege against self-incrimination. La. Ch.C. art. 860(D).[7] Given these circumstances, we find no error in the trial court’s contempt judgment.
CONCLUSION
For the foregoing reasons, the defendant’s appeal is converted to an application for supervisory writs, and the writ is denied.
APPEAL CONVERTED TO WRIT; WRIT DENIED.

. The trial court ordered the defendant to submit to examinations by two psychiatrists and one psychologist (hereinafter referred to as "mental examinations”).

. Though the minute entries reflect that there was one mental examination remaining before the defendant filed a notice of his refusal to comply with the order, the transcript from the contempt hearing indicates that the defendant refused to submit to all of the mental examinations.

. See La. Ch.C. arts. 319(A) and 1507(A)(2).

. "A contempt of court proceeding is either criminal or civil, which is determined by what the court primarily seeks to accomplish by imposing sentence." Dauphine v. Carencro High School, 02-2005 (La.4/21/03), 843 So.2d *1273 1096 (citing Shillitani v. United States, 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966)). In a criminal contempt proceeding, the court seeks to punish a person for disobeying a court order, whereas in a civil contempt proceeding, the court seeks to force a person into compliance with a court order. Id. (citing State in the Interest of RJ.S., 493 So.2d at 1202 and n. 7 (citing Shillitani, 384 U.S. at 364, 86 S.Ct. 1531)).

. The defendant also argues additional children’s code violations and a violation against the Sixth Amendment right to counsel in a footnote. To the extent that these issues were not briefed, they are considered abandoned. See Uniform Rules, Courts of Appeal, Rule 2-12.4(B)(4).

. An act of the legislature is presumed to be legal until it is shown to be unconstitutional. State v. All Pro Paint & Body Shop, Inc., 931316, pp. 13-14 (La.7/5/94), 639 So.2d 707, 716 (citations omitted). Significantly, the defendant does not directly challenge the constitutionality of La. Ch.C. art. 860.

. In recognition of the holding in Bruno, the comment to La. Ch.C. art. 860 explains that Section (D) was added to protect the juvenile’s Fifth Amendment rights.