STATE OF LOUISIANA

VERSUS

ROBYN WILLARD

NO. 25-KH-316

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

August 06, 2025

Linda Tran
First Deputy Clerk

IN RE STATE OF LOUISIANA

APPLYING FOR  SUPERVISORY WRIT FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT, PARISH OF ST CHARLES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE LAUREN D. ROGERS, DIVISION "E", NUMBER 909193

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Scott U. Schlegel

**WRIT DENIED**

Relator, the State of Louisiana, seeks review of the 29th Judicial District Court's June 18, 2025 ruling that granted Defendant, Robyn Willard's, request for early termination of probation.

Pursuant to a plea agreement, in June 2024, Defendant pled guilty to an amended charge of driving while intoxicated, first offense, in violation of La. R.S. 14:98.1. Defendant was sentenced to a six-month term of imprisonment in the parish jail, which was suspended, and placed on twenty-four months of supervised probation. At the hearing on Defendant's request for early termination a year later, the State advised that its preference was to convert Defendant's probation to inactive probation, so that the early termination of her probation would not shorten the cleansing period for prior convictions of driving while intoxicated (DWI). The district court found that Defendant met the requirements for termination of probation under La. C.Cr.P. art. 897, acknowledging that she had completed a year of probation already, over the State's objection.

The State argues that the district court erred by denying the State's request to preserve (the start date of) the ten-year cleansing period by stipulating that the ten-year cleansing period would begin to run at the same time it would have if Defendant had served the entirety of the previously agreed upon 24-month probationary period, or by switching Defendant to inactive probation status for the duration of the original sentence.

La. C.Cr.P. art. 897, which sets forth the requirements for the termination of probation and discharge of a defendant, provides in relevant part:

B. In a misdemeanor case, other than for a conviction of vehicular negligent injuring, the court may terminate the defendant's suspended sentence or probation and discharge him at any time when all of the following conditions are met:

(1) The termination or discharge is ordered in open court.

(2) The state is present at the time the termination or discharge is ordered and has been afforded an opportunity to participate in a contradictory hearing on the matter.

In this case, the State "fully recognizes" the district court's authority to terminate Defendant's probation pursuant to La. C.Cr.P. art. 897 and that the statute's requirements to do so were met. The State avers that Defendant received an added benefit of the acceleration of "the commencement of the ten-year cleansing period by a full year," which modified the plea bargain Defendant entered into with the State.

The DWI statute provides for a so-called cleansing period for remote former DWI offenses. *State v. Henry*, 12-KA-841, 2012 WL 6681849 (La. App. 1 Cir. Dec. 12, 2012), *writ denied*, 13-110 (La. 6/21/13), 118 So.3d 406. La. R.S. 14:98(C)(3) provides in pertinent part:

For purposes of this Section, a prior conviction shall not include a conviction for an offense under this Section…if committed more than ten years prior to the commission of the crime for which the defendant is being tried… However, periods of time during which the offender was awaiting trial, under an order of attachment for failure to appear, or on probation or parole for an offense described in this Paragraph, or periods of time during which an offender was incarcerated in a penal institution in this or any other state for any offense, including an offense described in Paragraph (1) of this Subsection, shall be excluded in computing the ten-year period.

In *State v. Hoerner*, 11-659 (La. App. 5 Cir. 2/28/12), 88 So.3d 1128, 1130-31, this Court explained that "the language of the statute indicates that the cleansing period only accrues when a defendant is not under any legal restraints; consequently, periods of time when a defendant is under legal restraints must be excluded from the calculation of the cleansing period under the statute." This Court further stated that "[t]he purpose of cleansing periods … is to reward prior offenders with the 'cleansing' of their prior convictions if they are able to refrain from committing another offense within the statutory time frame." *Id*. at 1131.

Upon review, on the showing made, we find that we cannot grant the relief requested by the State. As discussed above, Defendant had complied with all of the terms of her probation at the time of the June 18, 2025 termination hearing. Once the trial court terminated Defendant's probation as authorized pursuant to La. C.Cr.P. art. 897(B), Defendant was no longer under "legal restraint" for the purposes of the DWI cleansing period. This is not the result of a broken plea bargain as the State suggests, but rather is a result of her early termination pursuant to Article 897(B). Furthermore, the State concedes that there is no statutory authority or case law to support its request for a stipulation effectively modifying

the terms of Article 897(B)'s provision for early termination of probation.  Thus, on the showing made, we conclude that the State is not entitled to the relief it seeks given the State's own admission that the district court's order met the requirements set forth in Article 897(B).

Accordingly, the writ is denied.

Gretna, Louisiana, this 6th day of August, 2025.

**MEJ**
**JGG**
**SUS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **08/06/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 25-KH-316

### E-NOTIFIED
29th Judicial District Court (Clerk)
Honorable Lauren D. Rogers (DISTRICT JUDGE)
Louis G. Authement (Relator)

### MAILED
Robyn Willard  (Respondent)
In Proper Person
1 Avant Garde Circle
Kenner, LA 70065

Honorable Joel T. Chaisson, II (Relator)
District Attorney
Twenty-Ninth Judicial District Court
Post Office Box 680
Hahnville, LA 70057